1  DOUGLAS M. MILLER (Cal. Bar No. 240398)
   Email: millerdou@sec.gov
2  KELLY C. BOWERS (Cal. Bar No. 164007)
   Email: bowersk@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Katharine E. Zoladz, Associate Regional Director and
5  Acting Co-Regional Director
   Gary Y. Leung, Associate Regional Director
6  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
7  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904
8

```
FILED
CLERK, U.S. DISTRICT COURT

OCT 20 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___EEE___ DEPUTY
```

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   Western Division

12                                    2:23-CV-08843-CAS-AGRx

13  SECURITIES AND EXCHANGE          Case No.
    COMMISSION,
14                                   **DECLARATION OF JONATHON**
              Plaintiff,             **GROBELSKI**
15
         vs.
16
    JULIE ANNE DARRAH and VIVID
17  FINANCIAL MANAGEMENT, INC.,

18            Defendants.

19  PC&J JOINT VENTURES, LLC,

20
              Relief Defendant.
21

22

23

24

25

26

27

28

I Jonathon Grobelski, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a certified public accountant employed by Plaintiff Securities and Exchange Commission ("SEC") in its Chicago Regional Office.  I have been employed by the SEC since November 2016 and have worked within the Division of Enforcement since July 2021.  From May 2010 to the present, I have held a current and valid certified public accountant license (#065037194) in the State of Illinois.  I have personal knowledge of each of the matters set forth below, and, if called upon as a witness, I could and would competently testify as to the facts stated herein.

2.      In the course of my duties with the SEC, I analyze bank records, financial records and other books and records of companies and individuals.  I make calculations and observations based upon those records and conduct related inquiries and investigations.  The documents that I analyze in the course of my duties with the SEC are of the type reasonably relied upon by accountants in forming opinions and inferences about, among other things, the finances of individuals and companies and their sources and uses of money.

3.      I was assigned as an accountant to assist in the investigation of potential violations of the Securities Act, Exchange Act and the Advisers Act related to the defendant Julie Darrah ("Darrah") and Vivid Financial Management, Inc. ("VFM") for misappropriating funds from certain of their advisory clients ("the Clients").

A.      **Bank Accounts**

4.      During the course of the SEC's investigation of Darrah and VFM and pursuant to my duties as an accountant with the SEC, I reviewed bank records produced to the SEC during the investigation (including underlying detail to include but not limited to account statements, signature cards, details of wire/ACH transfers, copies of items deposited, checks written, authorization forms, opening documents and other administrative documentation) for the following accounts  (collectively, "bank records"):

| Account Name | Type | Financial Institution | Account Number | Time Period of Production |
|---|---|---|---|---|
| The S.S. Family Trust | Checking | Community Bank of Santa Maria | xxx064 | 4/3/2021 - 9/10/2023 |
| L.C. Trust | Checking | Community Bank of Santa Maria | xxx546 | 11/7/2020 -3/10/2022 |
| S.A. Living Trust | Checking | Community Bank of Santa Maria | xxx134 | 7/10/2020 - 9/10/2023 |
| P.S. Special Needs Trust | Checking | Community Bank of Santa Maria | xxx094 | 7/4/2020- 9/10/2023 |
| Julie Anne Darrah Trust | Checking | Community Bank of Santa Maria | xxx157 | 12/25/20- 9/10/2023 |
| B.H. Special Needs Trust | Checking | Community Bank of Santa Maria | xxx687 | 2/1/2022- 9/10/2023 |
| Julie A Darrah | Checking | Community Bank of Santa Maria | xxx412 | 3/11/16- 7/10/2023 |
| Julie A Darrah | Savings | J.P. Morgan Chase Bank | xxx127 | 1/1/2022 - 7/31/2023 |
| Julie A Darrah | Checking | J.P. Morgan Chase Bank | xxx566 | 1/1/2020 - 7/31/2023 |
| M.S. or Julie A Darrah | Checking | J.P. Morgan Chase Bank | xxx434 | 12/10/2019 - 7/31/2023 |
| M.S. or Julie A Darrah | Savings | J.P. Morgan Chase Bank | xxx871 | 12/10/2019 - 7/11/2022 |
| S.S. Family Trust S. S. TTE | Checking | Wells Fargo | xxx715 | 1/1/2017 - 7/31/20223 |
| S.S. Family Trust S. S. TTE | Savings | Wells Fargo | xxx604 | 1/1/2017 - 7/31/20223 |
| S.S. | Credit | Wells Fargo | xxx918 | 12/17/2016 - 7/17/2023 |
| Julie Darrah J. S. | Checking | Mechanics Bank | xxx011 | 12/20/2016 - 7/20/2023 |
| C.H. Julie Darrah | Checking | Mechanics Bank | xxx647 | 12/19/2016 - 7/19/2023 |

5. True and correct copies of the declarations of the custodian records for Community Bank of Santa Maria, which were produced to the SEC are attached as **Exhibit 1**.

6. True and correct copies of the declarations of the custodian records for J.P. Morgan Chase Bank, which were produced to the SEC are attached as **Exhibit 2**.

7. True and correct copies of the declarations of the custodian records for Wells Fargo, which were produced to the SEC are attached as **Exhibit 3**.

8. True and correct copies of the declarations of the custodian records for Mechanics Bank, which were produced to the SEC are attached as **Exhibit 4**.

**B.    TD Ameritrade Brokerage Accounts**

9. During the course of the SEC's investigation of this matter and pursuant to my duties as an accountant with the SEC, I reviewed brokerage records produced by TD Ameritrade to the SEC during the investigation (including account opening documents, monthly account statements, customer profiles, money movement reports, money movement authorization documents and other documentation) for the following accounts (collectively, "brokerage records"):

| Account Name | Account Number | Time Period of Production |
|---|---|---|
| S.S. Family Trust | xxx628 | 1/1/2017 - 7/31/2023 |
| S.S. Family Trust Acct 2 | xxx698 | 1/1/2017 - 7/31/2023 |
| S.S. Rollover IRA | xxx888 | 1/1/2017 - 7/31/2023 |
| S.S. Roth IRA | xxx890 | 1/1/2017 - 6/30/2023 |
| M.S. Trust | xxx967 | 1/1/2017 - 7/31/2023 |
| M.S. | xxx467 | 2/28/2023 - 7/31/2023 |
| M.S. Rollover IRA | xxx972 | 1/1/2017 - 7/31/2023 |
| C.H. Family Trust | xxx960 | 3/1/22 - 8/31/2023 |

| Account Name | Account Number | Time Period of Production |
|---|---|---|
| C.H. IRA | xxx962 | 3/1/22 - 8/31/2023 |
| The L.C. Living Trust | xxx148 | 1/1/2020 - 12/30/2020 |
| S.A. Living Trust | xxx125 | 1/1/2019 - 7/31/2023 |

10.     True and correct copies of the response letters TD Ameritrade produced with subpoena replies to the SEC are attached as **Exhibit 5**.

### C.     Bank Account Signatories

11.     Based on my review of the signature card for the account the S.S. Family Trust (xxx064) held at Community Bank of Santa Maria, I have determined that Darrah was the sole authorized signatory on the account since its inception.  The Account was opened on March 25, 2021 and listed Darrah's residence as the mailing address on the account.  I determined this was the mailing address of Darrah's residence by looking at Darrah's personal bank account at Community Bank of Santa Maria (xxx412), which is discussed below, and seeing that it lists the same Angeles Road address she listed on the S.S. Family Trust bank account.

12.     Based on my review of the signature card for the account L.C. Trust (xxx546) held at Community Bank of Santa Maria, I have determined that Darrah was the sole authorized signatory on the account since its inception.  The account was opened on November 3, 2020 and listed Darrah's residence as the mailing address on the account.

13.     Based on my review of the signature card for the account S.A. Living Trust (xxx134) held at Community Bank of Santa Maria, I have determined that Darrah was the sole authorized signatory on the account since its inception.  The account was opened on July 8, 2020 and listed Darrah's residence as the mailing address on the account.

14.     Based on my review of the signature card for the account P.S. Special

4

Needs Trust (xxx094) held at Community Bank of Santa Maria, I have determined that Darrah was the sole authorized signatory on the account since its inception. The account was opened on April 9, 2020 and listed Darrah's residence as the mailing address on the account.

15. Based on my review of the signature card for the account Julie Anne Darrah Trust (xxx157) held at Community Bank of Santa Maria, I have determined that Darrah was the sole authorized signatory on the account since its inception.

16. Based on my review of the signature card for the account B.H. Special Needs Trust (xxx687) held at Community Bank of Santa Maria, I have determined that Darrah was the sole authorized signatory on the account since its inception. The Account was opened on January 28, 2022 and listed Darrah's residence as the mailing address on the account.

17. Based on my review of the signature card for the account Julie A Darrah (xxx412) held at Community Bank of Santa Maria, I have determined that Darrah was the sole authorized signatory on the account since its inception.

18. Based on my review of the signature card for the account Julie A Darrah (xxx127) held at J.P. Morgan Chase Bank, I have determined that Darrah was the sole authorized signatory on the account since its inception.

19. Based on my review of the signature card for the account Julie A Darrah (xxx566) held at J.P. Morgan Chase Bank, I have determined that Darrah was the sole authorized signatory on the account since its inception.

20. Based on my review of the signature cards for the account M.S. or Julie A Darrah (xxx434) held at J.P. Morgan Chase Bank, I have determined that as of August 2014, M.S. became the sole authorized signatory on the account. In September 2016, Darrah was added as an authorized signatory on the account. The account was opened on April 13, 1982.

21. Based on my review of the signature cards for the account M.S. or Julie A Darrah (xxx871) held at J.P. Morgan Chase Bank, I have determined that M.S. was the

sole authorized signatory on the account when it opened.  In September 2019, Darrah was added as an authorized signatory on the account.

22.    Based on my review of the signature cards for the account S.S. Family Trust S.S. TTE (xxx715) held at Wells Fargo, I have determined that in November 2014, S.S. was the sole authorized signatory on the account.  However, in October 2017, the mailing address on the monthly statements for the account were changed to Darrah's residence.

23.    Based on my review of the signature cards for the account S.S. Family Trust S.S. TTE (xxx604) held at Wells Fargo, I have determined that in November 2014, S.S. was the sole authorized signatory on the account.  However, in October 2017, the mailing address on the monthly statements for the account were changed to Darrah's residence.

24.    Based on my review of the signature card for the account Julie Darrah J. S. (xxx011) held at Mechanics bank, I have determined that Darrah and J.S. were both made signatories on the account on March 31, 2016.[1]

25.    Based on my review of the signature card for the account C. H. Julie Darrah (xxx647) held at Mechanics bank, I have determined that Darrah and C.H. were both made signatories on the account on May 19, 2023.

### D.    TD Brokerage Accounts Move Money Advisor Authorization

26.    Based on my review of the move money advisor authorization form signed by S.S. for the account S.S. Family trust (xxx628) held at TD Ameritrade, I determined that in March 2016 S.S. authorized VFM to move money out of that brokerage account and into the Wells Fargo Bank checking account xxx715 (S.S. Family Trust S.S. TTE).  Subsequently, in April 2021, S.S. authorized VFM to move money out of that brokerage account and into the Community Bank of Santa Maria

---

[1] The records I reviewed state that Darrah and J.S. were both made signatories on the account on March 31, 2006, but the year (2006) appears to be typographical error and that it should have been 2016.

checking account xxx064 (The S.S. Family Trust).  In November 2017, the mailing address on the monthly statements for the account were changed to be addressed to a property owned by Darrah ("Darrah owned property").  I determined that Darrah was the owner of the property based on my review of an assessment record for the property obtained from Lexis Nexis that lists Darrah as owner.

27.     Based on my review of the move money advisor authorization form for the account S.S. Family Trust Acct 2 (xxx698) held at TD Ameritrade, I have determined that on April 6, 2021, S.S. authorized VFM to move money out of that brokerage account and into the Community Bank of Santa Maria checking account xxx064 (The S. S. Family Trust).  In November 2017, the mailing address on the monthly statements for the account were changed to be addressed to the Darrah owned property.

28.     Based on my review of the move money advisor authorization form for the account S.S. Rollover IRA (xxx888) held at TD Ameritrade, I have determined that, in March 2016, S.S. authorized VFM to move money out of that brokerage account and into the Wells Fargo Bank checking account xxx715 (S.S. Family Trust S.S.).  In November 2017, the mailing address on the monthly statements for the account were changed to be addressed to the Darrah owned property.

29.     Based on my review of the move money advisor authorization form for the account S.S. Roth IRA (xxx890) held at TD Ameritrade, I have determined that in June 2023 S.S. authorized MN RIA to move money out of that brokerage account and into the Community Bank of Santa Maria checking account xxx064 (The S.S. Family Trust). In November 2017, the mailing address on the monthly statements for the account were changed to be addressed to the Darrah owned property.

30.     Based on my review of the move money advisor authorization form for the account M.S. Trust (xxx967) held at TD Ameritrade, I have determined that, in September 2016, M.S. authorized VFM to move money out of that brokerage account and into the J.P. Morgan Chase Bank checking account xxx434 (M.S. or Julie A

Darrah).

31.    Based on my review of the move money advisor authorization form for the account M.S. Rollover IRA (xxx972) held at TD Ameritrade, I have determined that in September 2016 M.S. authorized VFM to move money out of that brokerage account and into the J.P. Morgan Chase Bank checking account xxx434 (M.S. or Julie A Darrah).

32.    Based on my review of the move money advisor authorization form for the account M.S. (xxx467) held at TD Ameritrade, I have determined that in February 2023 M.S. authorized MN RIA to move money out of that brokerage account and into the J.P. Morgan Chase Bank checking account xxx434 (M.S. or Julie A Darrah).

33.    Based on my review of the move money advisor authorization form for the account C.H. (xxx960) held at TD Ameritrade, I have determined that on July 5, 2022, C.H. authorized MN RIA to move money out of that brokerage account and into the Mechanics Bank checking account xxx647 (C.H. Julie Darrah). Based on my review of the move money advisor authorization form for the account C.H. IRA (xxx962) held at TD Ameritrade, I have determined that on July 5, 2022, C.H. authorized MN RIA to move money out of that brokerage account and into the Mechanics Bank checking account xxx647 (C.H. Julie Darrah).

34.    Based on my review of the move money advisor authorization form for the account The L.C. Living Trust (xxx148) held at TD Ameritrade, I have determined that in November 2010 VFM was authorized to move money out of that brokerage account and into the Community Bank of Santa Maria checking account xxx546 (L. C. Trust).

### E.    Categorization of Disbursements and Deposits in Bank Records

35.    I reviewed and categorized more than 11,000 incoming and outgoing fund transfers (deposits and disbursements) in the bank records. My methodology was to take the files provided by the producing banks and organized that raw data in a format that could be analyzed and would facilitate collecting information about the

transactions reviewed.  Next, for each transaction, I created and filled in a "notes" field that identified the source of incoming transfers or the destination of outgoing transfers and noted any other contextual information based on the relevant source documentation provided by the producing bank.  That documentation included account statements, copies of checks, deposit slips, wire transfer information, ACH info, transaction logs and other information sources.  Finally, I created and filled in a "category" field for the purpose of grouping together similar transaction types as well as summarizing all incoming and outgoing fund transfers from the same source(s) or to the same beneficiary(s).  Throughout the entire process I also used other tools available such as internet searches or various other information sources to obtain further contextual information on the account activity I analyzed.

36.    Based on my review of the account records described above, I created Microsoft Excel ("Excel") spreadsheets that organized the more than 11,000 deposits and disbursements in the bank records by the "notes" and/or "category" fields described above.  A few examples of the "notes" and/or "category" fields are "to/from TD Ameritrade," "Transfers to/from CBSM xxx412 (Julie A Darrah)" or "Transfers to (PC & J Joint Ventures)."  Once the transaction data reflected in the bank records was categorized, I used Excel to summarize the transactional data by category for both deposits and disbursements for each account.  I used the transaction data and summary information reflected in those summaries to reach the determinations described below on the aggregated sources and uses of funds and through the analyzed bank accounts.

## F.    Identification and Calculation of Funds Misappropriated by Darrah from the Clients' Accounts

37.    Based on my review of bank records received, from April 2017 to July 2023, a net $1,225,731 was transferred from S.S.'s TD brokerage accounts to either the Wells Fargo checking account xxx715 (S.S. Family Trust S.S. TTE) or the Community Bank of Santa Maria checking account xxx064 (The S.S. Family Trust).  *See* **Exhibit 6**.  Darrah sold securities in S.S.'s TD brokerage accounts to make those transfers

because, in that same period, I noted approximately 450 "sell trade" transactions involving at least 100 different securities on a trade blotter provided by TD Ameritrade for S.S's brokerage accounts.  In that same period, Darrah transferred a net $1,057,800 to herself, PC&J Joint Ventures[2] ("PC &J") and VFM, including $308,710 while S.S. was living in a memory care facility.  Darrah also utilized S.S's personal credit card to make purchases for herself (Darrah).  The various means by which Darrah transferred those funds is summarized below:

| Bank Account | Description | Amount |
|---|---|---|
| CBSM xxx064 | Net funds transferred to Darrah<br>**Exhibit 7** | $612,675 |
| CBSM xxx064 | Cashier's Check to Purchase Business<br>**Exhibit 8** | $200,000 |
| WF xxx715 | Bill Pay - PC&J<br>**Exhibit 9** | $190,000 |
| WF xxx918 | Usage of S.S.'s Credit Card<br>**Exhibit 10** | $30,085 |
| WF xxx715 | Bill Pay - Julie Darrah<br>**Exhibit 11** | $19,300 |
| CBSM xxx064 | Funds transferred to other Darrah Client<br>**Exhibit 12** | $3,500 |
| WF xxx715 | Bill Pay – VFM<br>**Exhibit 13** | $2,240 |
| | **Total** | **$1,057,800** |

Attached as **Exhibit 14** is a flow chart that demonstrates the flow of funds from S.S's brokerage accounts, to accounts in the name of the S.S. Family Trust that Darrah controlled and then ultimately to Darrah.

38.    As of February 1, 2017, around the time S.S. appointed Darrah to be the successor trustee of her trust, S.S.'s TD brokerage accounts had a total value of $1,029,144.  As of November 1, 2017, around the time Darrah started having the

---

[2] I reviewed the signature card associated with PC & J's Bank account and determined that Darrah was a signatory as of September 2018. Additionally, I reviewed an Outside Business Activity Request form provided by the MN RIA that Darrah submitted related to PC & J and determined that Darrah is a partner and 33.4% owner of PC & J.

brokerage account statements for S.S. sent to her (Darrah's) residence, S.S.'s TD brokerage accounts had a total value of $1,096,987.  As of July 31, 2023, S.S.'s TD brokerage accounts had a total value of just $66,515.  *See* **Exhibit 15**.  Based on my review of the financial records, S.S's only regular source of income other than her investments is her monthly social security payment, which is currently a net $1,631 per month.

39.     Based on my review of Bank records received, from January 2020 to July 2023, $647,756 was transferred from M.S.'s TD brokerage accounts to the J.P. Morgan Chase Bank checking account xx434 (M.S. or Julie A Darrah).  *See* **Exhibit 16**.  In that same time period, Darrah sold multiple securities in M.S.'s TD brokerage accounts to make those transfers.  During that same period (January 2020 to July 2023), Darrah took a net $574,900 from M.S. by transferring a net $510,900 out of the J.P. Morgan Chase Bank checking account xx434 (M.S. or Julie A Darrah) and sending it to herself, $63,000 to PC&J and by utilizing the J.P. Morgan Chase Bank checking account xxx434 to make a $1,000 payment to one of her (Darrah's) credit cards *See* **Exhibit 17**. Additionally, between November 2016 through March 2019, Darrah deposited four separate checks totaling $3,500 written from the J.P. Morgan Chase Bank checking account xxx434 into her own account at Community Bank of Santa Maria xxx412 (Julie A Darrah). *See* **Exhibit 18**.  Attached as **Exhibit 19** is a flow chart that demonstrates the flow of funds from M.S's brokerage accounts to the account in M.S.'s name that Darrah controlled and then ultimately to Darrah.

40.     As of January 1, 2020, M.S.'s TD brokerage accounts had a total value of $711,677.  As of July 31, 2023, M.S.'s TD brokerage accounts had a total value of just $14,790.  *See* **Exhibit 20**.  Based on my review of her financial records, M.S.'s only source of regular income other than from investments is her social security payment, which is currently a net $2,027 a month.

41.     Based on my review of bank records from May to July 2023, Darrah took a net $242,000 from C.H., including $18,000 after Darrah had been served with an

SEC subpoena related to this conduct.  From June 1, 2023 to July 14, 2023, $210,000 of C.H.'s securities were sold in her TD brokerage accounts and used a to send wires totaling $177,800 to the Mechanics Bank Checking account xxx647 (C.H. Julie Darrah).  *See* **Exhibit 21**.  Darrah then transferred a net total of $236,500 to herself as well as a net total of $5,500 to another account that she (Darrah) co-controlled with another elderly person.  *See* **Exhibit 22**.   Attached as **Exhibit 23** is a flow chart that demonstrates the flow of funds from C.H.'s TD brokerage accounts to the account in her name that Darrah controlled and ultimately to Darrah.

42.     Based on my review of bank records received, Darrah received $200,000 from B.C.  First, in August 2021, B.C. wrote a check to Darrah for $150,000[3] for a restaurant that she (Darrah) was opening.  Then, in June 2023, B.C. signed a $50,000 check to Darrah.  *See* **Exhibit 24**.

43.     Based on my review of bank records from February 2022 through June 2023, Darrah took a net $96,200 from B.H.  In January 2022, Darrah deposited $141,618 that B.H. had inherited into the Community Bank of Santa Maria checking account xxx687 (B.H. Special Needs Trust).  *See* **Exhibit 25**.  Darrah then transferred a net $128,250 (**Exhibit 26)** from the trust's bank account to herself while only making payments to B.H. totaling $15,001.  *See* **Exhibit 27**.  Darrah also appeared to have used $31,350 to buy a car for B.H. as well making a $700 payment to her from the J.P. Morgan Chase account xxx566 (Julie A Darrah).  *See* **Exhibit 28**.  Attached as **Exhibit 29** is a flow chart that demonstrates the flow of funds from B.H.'s inheritance to the account named B.H. Special Needs Trust that Darrah controlled and then ultimately to Darrah.

44.     Based on my review of bank records from July 2020 to May 2023, Darrah took $39,200 from J.S.  In July 2020, Darrah deposited a $54,125 check from J.S. into

---

[3] The check referenced in this paragraph was obtained from an acquaintance of B.C. and was not produced by a bank in response to a subpoena.   Based on my training and experience, however, the checks appear to be authentic.

the Community Bank of Santa Maria checking account xxx094 (P.S. Special Needs Trust).  *See* **Exhibit 30**.  Darrah then transferred a net $54,100 from the trust's bank account to herself.  *See* **Exhibit 31**.  From July 2020 to April 2022, Darrah made payments totaling $14,900 to P.S. from her personal bank accounts.  *See* **Exhibit 32**.  Attached as **Exhibit 33** is a flow chart that demonstrates the flow of funds from J.S.'s check to the account named P.S. Special Needs Trust that Darrah controlled and then ultimately to Darrah.

45.    Based on my review of bank records, from November 2020 through February 2022, Darrah took a net $27,937 from D.C.  In November 2020, $20,000 was transferred from L.C.'s TD brokerage account xxx148 (The L.C. Living Trust) into the Community Bank of Santa Maria checking account xxx546 (L.C. Trust).  Darrah also deposited L.C.'s tax refunds and a payment from the California teachers' retirement system into the Community Bank of Santa Maria bank account xxx546.  Darrah then transferred a net $27,937 from the Community Bank of Santa Maria bank account xxx546 to herself.  *See* **Exhibit 34**.  Attached as **Exhibit 35** is a flow chart that demonstrates the flow of funds from the L.C. Trust TD brokerage account to the account named L.C. Trust that Darrah controlled and then ultimately to Darrah.

46.    Based on my review of bank records, from April 2021 through March 2023, Darrah took a net $5,793 from S.A.'s daughters.  After S.A. died in April 2020, Darrah opened the Community Bank of Santa Maria account xxx134 (S.A. Living Trust) in July 2020.  Darrah used that account to consolidate S.A.'s assets, including money from S.A.'s bank, her TD brokerage account xxx125 (S.A. Living Trust) and the proceeds from the sale of S.A's home.  After transferring a majority of the funds to S.A.'s daughters, Darrah transferred $7,900 out of the Community Bank of Santa Maria account xxx134 to herself.  However, Darrah also made payments to S.A's daughters totaling $2,107 in November 2022 from a separate personal account.  *See* **Exhibit 36**.

47.     A summary of the total funds Misappropriated by Darrah from November 2016 to July 2023 described above is below:

| Client | Total |
|--------|-------|
| S.S. | 1,057,800 |
| M.S. | 578,400 |
| C.H. | 242,000 |
| B.C. | 200,000 |
| B.H. | 96,200 |
| J.S. | 39,200 |
| D.C. | 27,937 |
| S.A. | 5,793 |
| **Total** | **2,247,330** |

48.     Based on my review of bank records, as of the most recent account statements available to me, Darrah still is listed as a signatory on six bank accounts belonging to C.H., P.S. Special Needs Trust, S.S. Family Trust and S.S. TTE, the S.S. Family Trust and the B.H. Special Needs Trust.  As such, it appears she still has access to the $108,871 in funds in those accounts.

49.     Based on my review of brokerage accounts records, as of the most recent account statements available to me, the T.D. Ameritrade accounts belonging to C.H. Family Trust, C.H. IRA, S.S. Family Trust, S.S. Family Trust Acct. 2, S.S. Rollover RIA and S.S. Roth IRA still have assets worth approximately $2,061,454 in them.

///
///
///
///
///
///

14

50. I reviewed the document titled "SEC_Darrah clients.xls," provided by Darrah's counsel on October 18, 2023. I understood that document to be a summary of all the funds Darrah misappropriated from Darrah's prior clients which she (Darrah) compiled. I determined that the figures in that document had key differences from what I calculated above. Specifically, Darrah did not include any amounts for S.A., L.C. or J.S. Additionally for S.S., C.H. and B.H., Darrah's figures are less than what I calculated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 19, 2023, in Los Angeles, California.

_____
Jonathon Grobelski, CPA

# EXHIBIT 1

**DECLARATION OF [*Melissa Damaso*] CERTIFYING RECORDS
OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, Melissa Damaso, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by Community Bank of Santa Maria as Assistant Vice President/Central
Operations Officer and by reason of my position am authorized and qualified to make this
declaration. I am a custodian of records, I am familiar with the company's recordkeeping practices or
systems, etc.

2. I further certify that the documents submitted herewith and detailed in the table of contents are true
copies of records that were:

(a) made at or near the time of the occurrence of the matters set forth therein, by, or from information
transmitted by, a person with knowledge of those matters;
(b) kept in the course of regularly conducted business activity; and
(c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7, 2023.

*Melissa Damaso*
_____
Melissa Damaso

Exhibit 1 Page 16

**DECLARATION OF [*Natalie Barragan*] CERTIFYING RECORDS
OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, Natalie Barragan, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by Community Bank of Santa Maria as Executive Vice President/Chief
Administration Officer and by reason of my position am authorized and qualified to make this
declaration. I am a custodian of records, I am familiar with the company's recordkeeping practices or
systems, etc.

2. I further certify that the documents submitted herewith and detailed in the table of contents are true
copies of records that were:

(a) made at or near the time of the occurrence of the matters set forth therein, by, or from information
transmitted by, a person with knowledge of those matters;
(b) kept in the course of regularly conducted business activity; and
(c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7, 2023.

_____
Natalie Barragan

Exhibit 1 Page 17

**DECLARATION OF [*Melissa Damaso*] CERTIFYING RECORDS
OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, Melissa Damaso, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by Community Bank of Santa Maria as Assistant Vice President/Central Operations Officer and by reason of my position am authorized and qualified to make this declaration.  I am a custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.

2. I further certify that the documents submitted herewith and detailed in the table of contents are true copies of records that were:

(a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;
(b) kept in the course of regularly conducted business activity; and
(c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 2, 2023.

*Melissa Damaso*
_____
Melissa Damaso

Exhibit 1 Page 18

**DECLARATION OF [*Melissa Damaso*] CERTIFYING RECORDS**
**OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, Melissa Damaso, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by Community Bank of Santa Maria as Assistant Vice President/Central Operations Officer and by reason of my position am authorized and qualified to make this declaration.  I am a custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.

2. I further certify that the documents submitted are true copies of records that were:

(a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;
(b) kept in the course of regularly conducted business activity; and
(c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2023.

*Melissa Damaso*
_____
Melissa Damaso

Exhibit 1 Page 19

**DECLARATION OF [*Melissa Damaso*] CERTIFYING RECORDS**
**OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, Amanda Sheffield, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by Community Bank of Santa Maria as Operations Specialist and by reason of my position am authorized and qualified to make this declaration.  I am a custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.

2. I further certify that the documents submitted are true copies of records that were:

(a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;
(b) kept in the course of regularly conducted business activity; and
(c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 5, 2023.

*Amanda Sheffield*
_____
Amanda Sheffield

Exhibit 1 Page 20

**DECLARATION OF [*Natalie Barragan*] CERTIFYING RECORDS
OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, Natalie Barragan, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by Community Bank of Santa Maria as Executive Vice President Chief Administration Officer and by reason of my position am authorized and qualified to make this declaration.  I am a custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.

2. I further certify that the documents submitted are true copies of records that were:

(a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;
(b) kept in the course of regularly conducted business activity; and
(c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 11, 2023.

_____
Natalie Barragan

Exhibit 1 Page 21

# EXHIBIT 2

# DECLARATION
## Case No. : LA5429

Annette Kuklak, certifies and declares as follows:

1. I am over the age of 18 years and not a party to this action.

2. My business address is 7610 West Washington Street, Indianapolis, Indiana 46231.

3. I am a Transactions Specialist IV and Custodian of Records for JPMorgan Chase Bank, N.A. (hereinafter referred to as the "Bank") in the National Subpoena Processing Department located in Indianapolis, Indiana.

4. Based on my knowledge of the Bank's business records practices and procedures, the enclosed records are a true and correct copy of the original documents kept by the Bank in the ordinary course of business.

5. Based on my knowledge of the Bank's business records practices and procedures, the records were made at or near the time of the occurrence of the matters set forth in the records by, or from, information transmitted by a person with knowledge of those matters.

6. It is the regular practice of the Bank to make such a record of transactions in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: 8/15/2023

By: _Annette Kuklak_

    Annette Kuklak
    Transactions Specialist IV
    JPMORGAN CHASE BANK, N.A.

SB1470637-F1                                                      SUBP91a

Exhibit 2 Page 22

**DECLARATION**

**Case No. : LA5429**

Debra S Allen, certifies and declares as follows:

1. I am over the age of 18 years and not a party to this action.

2. My business address is 7610 West Washington Street, Indianapolis, Indiana 46231.

3. I am a Transactions Specialist IV and Custodian of Records for JPMorgan Chase Bank, N.A. (hereinafter referred to as the "Bank") in the National Subpoena Processing Department located in Indianapolis, Indiana.

4. Based on my knowledge of the Bank's business records practices and procedures, the enclosed records are a true and correct copy of the original documents kept by the Bank in the ordinary course of business.

5. Based on my knowledge of the Bank's business records practices and procedures, the records were made at or near the time of the occurrence of the matters set forth in the records by, or from, information transmitted by a person with knowledge of those matters.

6. It is the regular practice of the Bank to make such a record of transactions in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of Indiana, that the foregoing is true and correct.

Dated:_____09/18/2023_____

By:_____
    Debra S Allen
    Transactions Specialist IV
    JPMORGAN CHASE BANK, N.A.

SB1484628-F1                                                                                            SUBP10a

Exhibit 2 Page 23

# EXHIBIT 3



Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: 480-724-2000

# BUSINESS RECORDS DECLARATION

I, Mathew Jones, am over the age of eighteen and I declare that I am employed by Wells Fargo Bank, N.A. ("Wells Fargo") in the Summons and Subpoenas Department and am a duly authorized and qualified witness to certify the authenticity of the attached documents and/or information produced pursuant to the legal order.  Wells Fargo reserves the right to designate another Custodian as it deems appropriate in the event an actual appearance is required concerning the records produced.   I certify that the attached records:

A)   Were prepared by personnel of Wells Fargo in the ordinary course of business at or near the time of the acts, conditions or events described in the records;

B)   It was the ordinary course of business for Wells Fargo employees or representatives with knowledge of the act, event, or condition recorded to make the record or transmit the information therein to be included in such record.

C)   The records attached are true and correct copies of the business records as maintained by Wells Fargo.

**The records produced are described as follows:**

Case number: 28315726

| Document Type | Account # | Paper Count | Total Copies |
|---|---|---|---|
| Note to Client | | 0 | 0 |
| Unable to locate any Direct deposit accounts for Julie Darrah within the timeframe requested. | | | |
| | | **Total Copies Delivered:** | **0** |

**Additional comments:**

The bank's standard record retention period is seven years.

I declare under penalty of perjury under the law(s) of the state of California that the foregoing is true and correct according to my knowledge and belief.   Executed on this 4th day of August, 2023, in the City of Tempe, State of ARIZONA.

Subpoena Processing Representative

Image copies of requested transactions may be missing for the following reasons:  Items not imaged, corrupted, blank, damaged, destroyed or not available, item(s) piggy-backed, electronic transaction(s).  If the legal order requests certain types of loan information and other non-depository information, it was forwarded to other departments and they will respond to you directly.

Case No: 28315726; Agency Case No: la5429

Exhibit 3 Page 24



Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: 480-724-2000

# BUSINESS RECORDS DECLARATION

I, Lloyd Swanson Jr, am over the age of eighteen and I declare that I am employed by Wells Fargo Bank, N.A. ("Wells Fargo") in the Summons and Subpoenas Department and am a duly authorized and qualified witness to certify the authenticity of the attached documents and/or information produced pursuant to the legal order.  Wells Fargo reserves the right to designate another Custodian as it deems appropriate in the event an actual appearance is required concerning the records produced.   I certify that the attached records:

A)   Were prepared by personnel of Wells Fargo in the ordinary course of business at or near the time of the acts, conditions or events described in the records; and

B)   It was the ordinary course of business for Wells Fargo employees or representatives with knowledge of the act, event, or condition recorded to make the record or transmit the information therein to be included in such record.

C)   The records attached are true and correct copies of the business records as maintained by Wells Fargo.

**The records produced are described as follows:**

Case number: 28374725

| Document Type | Account # | Paper Count | Total Copies |
|---|---|---:|---:|
| Deposits with offsets | XXXXX7715 | 12 | 12 |
| Signature Cards | XXXXX7715 | 10 | 10 |
| Free Form | XXXXXX5604 | 0 | 0 |
| Unable to locate certified checks account ■■■■5604 scope 01/01/2017 to 08/02/2023. | | | |
| Checks/Debits | XXXXX7715 | 75 | 75 |
| XCC Applications | XXXXXXXXXXXX6918 | 0 | 0 |
| Unable to locate application account ending 6918. | | | |
| Statements | XXXXX7715 | 691 | 691 |
| Wire Automated | XXXXXX5604 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Free Form | XXXXX7715 | 0 | 0 |
| Unable to locate cashier's checks for time frame 01/01/2017 to 08/02/2023. | | | |
| Deposits with offsets | XXXXXX5604 | 0 | 0 |
| All transactions requested are electronic and no images are available. | | | |
| Checks/Debits | XXXXXX5604 | 25 | 25 |
| XCC Statements | XXXXXXXXXXXX6918 | 384 | 384 |
| Wire Automated | XXXXX7715 | 10 | 10 |
| Signature Cards | XXXXXX5604 | 7 | 7 |
| Statements | XXXXXX5604 | 281 | 281 |

Case No: 28374725; Agency Case No: LA5429

Exhibit 3 Page 25

| | | | |
|---|---|---|---|
| Free Form | XXXXX7715 | 11 | 11 |
| Free Form | XXXXXX5604 | 0 | 0 |
| Unable to locate withdrawals for time frame 01/01/2017 to 08/02/2023 that were deposited into another account and including deposit slips. | | | |

| | |
|---|---|
| **Total Copies Delivered:** | **1,506** |

**Additional comments:**

The bank's standard record retention period is seven years.

I declare under penalty of perjury under the law(s) of the state of California that the foregoing is true and correct according to my knowledge and belief.   Executed on this 18th day of August, 2023, in the City of Tempe, State of ARIZONA.


_____
Subpoena Processing Representative

Image copies of requested transactions may be missing for the following reasons:  Items not imaged, corrupted, blank, damaged, destroyed or not available, item(s) piggy-backed, electronic transaction(s).  If the legal order requests certain types of loan information and other non-depository information, it was forwarded to other departments and they will respond to you directly.



Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: 480-724-2000

## BUSINESS RECORDS DECLARATION

I, Mathew Jones, am over the age of eighteen and I declare that I am employed by Wells Fargo Bank, N.A. ("Wells Fargo") in the Summons and Subpoenas Department and am a duly authorized and qualified witness to certify the authenticity of the attached documents and/or information produced pursuant to the legal order. Wells Fargo reserves the right to designate another Custodian as it deems appropriate in the event an actual appearance is required concerning the records produced. I certify that the attached records:

A) Were prepared by personnel of Wells Fargo in the ordinary course of business at or near the time of the acts, conditions or events described in the records; and

B) It was the ordinary course of business for Wells Fargo employees or representatives with knowledge of the act, event, or condition recorded to make the record or transmit the information therein to be included in such record.

C) The records attached are true and correct copies of the business records as maintained by Wells Fargo.

**The records produced are described as follows:**

Case number: 28528360

| Document Type | Account # | Paper Count | Total Copies |
|---|---|---|---|
| Customer Profile | XXXXXX6917 | 0 | 0 |

B████ . H████
████████████████████
Santa Maria, CA ████

Account Number-████6917
Account type-Custom Management Checking

| | | **Total Copies Delivered:** | **0** |
|---|---|---|---|

**Additional comments:**

The bank's standard record retention period is seven years.

I declare under penalty of perjury under the law(s) of the state of California that the foregoing is true and correct according to my knowledge and belief. Executed on this 20th day of September, 2023, in the City of Tempe, State of ARIZONA.

_____
Subpoena Processing Representative

Image copies of requested transactions may be missing for the following reasons: Items not imaged, corrupted, blank, damaged, destroyed or not available, item(s) piggy-backed, electronic transaction(s). If the legal order requests certain types of loan information and other non-depository information, it was forwarded to other departments and they will respond to you directly.

Case No: 28528360; Agency Case No: la5429

Exhibit 3 Page 27

# EXHIBIT 4

# Production of Records
# Affidavit


**Mechanics Bank**

### (Pursuant to Cal Evidence Code 1561)

I hereby declare under penalty of perjury that the following statements are true to the best of my knowledge and belief. I am over the age of 18 and the duly authorized custodian of records for:

MECHANICS BANK
P.O. BOX 6010
SANTA MARIA, CA 93456-6010

And have the authority to certify that the records made available to U.S. Securities and Exchange Commission, Kelly Bowers  constitute all of the records under my custody and control, described and called for in the Authorization served with this declaration in the matter relating to said individual or thing pertaining to:

### RECORDS OF: Julie Darrah

**How original records were prepared:**

☐ Typed/data entered

☐ Handwritten notes

☐ Transcribed

☐ Other: duplicate copies from originals, film, micro-fiche or computer printouts

☒ CD

**Type of records produced:**

On Accounts #████4090, #████4824, #████2647, #████1172, #████5248, #████9001 #████4011,#████6595, #████9480, #████0550 -signature cards, bank statements, debit & credits deposits w/offsets (front & back), cancelled checks (front & Back), wires.

Said records were prepared by personnel of the business in the ordinary course of business at or near the time of the act, condition, or event. I have produced all of the records/items requested with the following exception(s):

On account numbers #████2647, #████1172, #████9001, #████9480, #████5248, #████0550

no wires

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

_____          _____09/6/2023_____
Signature of Custodian                                    Date

Jose Romo

Operations Manager

# EXHIBIT 5



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

July 14, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:     In the Matter of ████████████████████████ LA-5329; Reference #159851
          BATES #159851 - 000001 to 006131

To Whom It May Concern:

Pursuant to the June 26, 2023, request received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information for the period commencing January 1, 2020, through June 26, 2023 ("Review Period") unless otherwise noted, relating to the accounts ("Designated Accounts") listed in the attached spreadsheet:

1. **All account opening documents, including but not limited to new account forms, margin contracts, account agreements, option account forms, discretionary authority and/or powers of attorney, as well as all account closing documentation.**

   **Response:** Attached are new account documents associated with the Designated Accounts.

2. **All monthly account statements.**

   **Response:** Attached are the monthly account statements for the Designated Accounts during the Review Period.

3. **All customer identification, profile, and contact information, including phone numbers, email addresses, mailing addresses, and any known account numbers at other institutions.**

   **Response:** Attached is the profile documentation, demographic data, and the email addresses associated with the Designated Accounts. With respect to account numbers at other institutions, TDA may become privy to such information, but generally only if the client requests a transfer into or out of the Designated Accounts. Please refer to the previously provided account documentation and/or the account statements provided for relevant information.

4. **All documents reflecting or relating to any communications with the owners, representatives, or persons acting on behalf of, the Designated Accounts, including, without limitation, correspondence, email, instant messages, telephone logs, telephone recordings, memoranda, and notes, in hard copy or electronic form.**

   **Response:** Correspondence, including account notes, has been included by the Firm during the Review Period (auto-generated communications are not provided). In reference to the call recordings that you have requested, TDA is not a FINRA-designated taping firm and does not record and/or retain all phone calls with clients, advisors, or the public. TDA account logs reflect that there have been phone calls between the clients and the Firm. If you wish to receive any calls based on the notes provided, please let us know and we will determine if the call is still in existence.

   Please note that the attached Microsoft Outlook email(s) are not Bates-stamped.

5. **An electronic trade blotter (preferably in Microsoft Excel format), for all trades in all securities (including stock and options). Please include time-stamped order entry and time-stamped execution detail for all trades. Please also identify the time zone associated with the time stamps.**

   **Response:** Please note, the Designated Accounts are maintained at TDA through our Institutional Services unit. The Institutional Services unit of TDA provides a brokerage, clearing, and custody platform for independent registered investment advisors who are not affiliated with or agents of TDA. For ease of review, the Firm has provided transactions both allocated to and placed in the Designated Accounts during the Review Period. Please let the Firm know if the Staff determines additional information is required. Time stamps are reflected in Central Time.

6. **All documents relating to any compliance reviews conducted into any of the securities trading activity by any of the Designated Accounts.**

   **Response:** Not applicable. TDA did not identify any responsive documents for the previous eighteen months' worth of Compliance risk reviews.

7. **Money movement report and documents sufficient to show the financial institution and account number that sent money to or received money from the TDA account.**

   **Response:** TDA has provided the available documentation associated with transfer of funds during the Review Period in the Designated Accounts, where applicable.

8. **To the extent any Designated Account is closed, the financial institution to which the funds and securities in the account were transferred.**

   **Response:** Enclosed are the account transfer details associated with the Designated Accounts, where applicable. Please refer to the account statements provided in Item 2 for transfer details in the remaining Designated Accounts closed.

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request (the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976). In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than reply upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt

Exhibit 5 Page 30

from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other governmental agency); or (2) refer to any conference, meeting, telephone conversation or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please reference the reference # above in any future correspondence regarding this matter.

Sincerely,

Markita Wilson

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:      Freedom of Information Act Office
         Rule83CTRs@sec.gov

         Kelly Bowers
         bowersk@sec.gov

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 31



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

August 10, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:     In the Matter of ███████████████████████████, LA-5329; Reference #162547
        BATES #162547 - 000001 to 000158

To Whom It May Concern:

Pursuant to the August 1, 2023, follow up request received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information for the period commencing January 1, 2020, through June 26, 2023 ("Review Period") unless otherwise noted, relating to the account listed below:

| Account Name | | | Account Number |
|---|---|---|---|
| B███ H███ | BENE ROTH IRA OF ████████████ | ROTH IRA | xxx-xx5644 |

1.  **All monthly account statements.**

    **Response:** Attached are the monthly account statements for the above account during the Review Period.

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request (the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976). In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be

inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than reply upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other governmental agency); or (2) refer to any conference, meeting, telephone conversation or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please include the reference # above in any future correspondence regarding this matter.

Sincerely,

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:     Freedom of Information Act Office
        Rule83CTRs@sec.gov

        Kelly Bowers
        bowersk@sec.gov

---

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 33



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

August 23, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:     In the Matter of ███████████████████████ LA-5329; Reference #159851
        BATES #159851 (2) - 000001 to 000096

To Whom It May Concern:

Pursuant to the August 17, 2023, follow up request received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information.

1.  **Account opening documents for account xxx-xx1125.**

    **Response:** Account ending 1125 was previously account number 969-109818 which was formerly account xxx-xx4882. I have provided the account application for account xxx-xx4882.

2.  **Account statements for xxx-xx9818.**

    **Response:** Account xxx-xx9818 did not reflect activity between January 1, 2020 and the account's closure on July 7, 2021; therefore, account statements were not generated.

3.  **Account opening documents and account statements for xxx-xx8424.**

    **Response:** Attached are new account documents and account statements from January 1, 2020 through the account's closure on July 6, 2020.

4.  **All documents relating to the request for the check written on account number xxx-xx1125 on July 8, 2020 (TD Ameritrade check number 16741475)**

    **Response:** TD Ameritrade's July 14, 2023 production included an interaction for account xxx-xx1125 dated July 8, 2020. During the telephone interaction, the check disbursement was requested by the Vivid Financial advisor.

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request (the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976).

In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than reply upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other governmental agency); or (2) refer to any conference, meeting, telephone conversation or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please include the reference # above in any future correspondence regarding this matter.

Sincerely,

*Markita Wilson*

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:     Freedom of Information Act Office
        Rule83CTRs@sec.gov

        Kelly Bowers
        bowersk@sec.gov

---

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 35



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

September 7, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:     In the Matter of ███████████████████████ LA-5329; Reference #164669
        BATES #164669 - 000001 to 001568

To Whom It May Concern:

Pursuant to the August 25, 2023, subpoena received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information:

**1. With respect to accounts xxx-xx6146 and xxx-xx2957, produce for the period from January 1, 2017 to present:**

| Account Name | Account Number |
|---|---|
| VIVID FINANCIAL MANAGEMENT 401K PLAN FBO JULIE DARRAH UA JAN 01, 2016 BRADLEY R BOULTON OR TIMOTHY MILLER TRS | xxx-xx2957; closed 2/27/2023 |
| L████ C████████  ROLLOVER IRA | xxx-xx6146; closed 11/23/2020 |

**a. All account opening documents, including but not limited to new account forms, margin contracts, account agreements, option account forms, discretionary authority and/or powers of attorney, as well as all account closing documentation.**

**Response:** Attached are new account documents associated with the accounts ending 6146 and 2957.

**b. All monthly account statements.**

**Response:** Attached are the monthly account statements for the accounts ending 6146 and 2957 from January 2017 through account closure.

**c. All customer identification, profile, and contact information, including phone numbers, email addresses, mailing addresses, and any known account numbers at other institutions.**

**Response:** Attached is the profile documentation, demographic data, and the email addresses associated with the accounts ending 6146 and 2957. With respect to account numbers at other institutions, TDA may become privy to such information, but generally only if the client requests a transfer into or out of the accounts. Please refer to the previously provided account documentation and/or the account statements provided for relevant information.

**d. All documents reflecting or relating to any communications with the owners, representatives, or persons acting on behalf of, the Designated Accounts, including, without limitation, correspondence, email, instant messages, telephone logs, telephone recordings, memoranda, and notes, in hard copy or electronic form.**

**Response:** Correspondence, including account notes, has been included by the Firm from January 1, 2017 through account closure (auto-generated communications are not provided). In reference to the call recordings that you have requested, TDA is not a FINRA-designated taping firm and does not record and/or retain all phone calls with clients, advisors, or the public. TDA account logs reflect that there have been phone calls between the clients and

the Firm. If you wish to receive any calls based on the notes provided, please let us know and we will determine if the call is still in existence.

Please note that the attached Microsoft Outlook email(s) are not Bates-stamped.

e. **All documents relating to any compliance reviews conducted into any of the securities trading activity by any of the Designated Accounts.**

**Response:** Not applicable. TDA did not identify any responsive documents for the previous eighteen months' worth of Compliance risk reviews.

f. **Money movement report and documents sufficient to show the financial institution and account number that sent money to or received money from the TDA account.**

**Response:** TDA has provided the available documentation associated with transfer of funds from January 1, 2017 through account closure in accounts ending 6146 and 2957.

2. **With respect to all accounts held under the following name**

| xxx-xx1125 | S██ A██ or A██ **Family Trust** |
| xxx-xx8424 | S██ A██ or A██ **Family Trust** |

**Response:** Please refer to the accounts below for a listing of the accounts included in the request letter as well as accounts in which S██ A██ or A██ Living Trust had a beneficial interest or discretionary powers.

| Account Name | Account Number |
| --- | --- |
| A██ LIVING TRUST UA MAR 06, 1997 S██ A██ TR | xxx-xx1125 |
| A██ LIVING TRUST UA MAR 06, 1997 S██ A██ TR | xxx-xx9818 fka xxx-xx4882; closed 7/7/2021 |
| S██ A██ IRA | xxx-xx8424; closed 7/06/2020 |
| S██ L A██ IRA | xxx-xx3941 fka xxx-xx9998 |

a. **For the period from January 1, 2019, to December 31, 2019, produce:**

   i. **All monthly account statements.**

   **Response:** Attached are the monthly account statements for the accounts listed in Item 2 from January 2019 to December 2019. Please note that the accounts ending 9818 and 3941 did not reflect activity during this timeframe; therefore, account statements were not generated.

   ii. **All documents reflecting or relating to any communications with the owners, representatives, or persons acting on behalf of, the accounts, including, without limitation, correspondence, email, instant messages, telephone logs, telephone recordings, memoranda, and notes, in hard copy or electronic form.**

   **Response:** Correspondence has been included by the Firm from January 1, 2019 through December 31, 2019, where applicable. TDA did not identify any telephone or email correspondence during the timeframe.

   iii. **Money movement report and documents sufficient to show the financial institution and account number that sent money to ore received money from the TD Ameritrade account.**

   **Response:** TDA has provided the available documentation associated with transfer of funds from January 1, 2019 to December 31, 2019 in the account ending 8424. The remaining accounts did not reflect money movement during the timeframe.

b. **Produce any advisory agreements relating to the accounts.**

   **Response:** Attached is the account application which includes the account agreement for the accounts listed in Item 2.

Exhibit 5 Page 37

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request (the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976). In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than reply upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other governmental agency); or (2) refer to any conference, meeting, telephone conversation or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please include the reference number above in any future correspondence regarding this matter.

Sincerely,

Markita Wilson

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:     Freedom of Information Act Office
        Rule83CTRs@sec.gov

        Kelly Bowers
        bowersk@sec.gov

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 38



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

September 11, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:     In the Matter of ████████████████████████████, LA-5429; Reference #164785
         BATES #164785 - 000001 to 002318

To Whom It May Concern:

Pursuant to the August 28, 2023, subpoena received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information for the period commencing January 1, 2017, through August 28, 2023 ("Review Period") unless otherwise noted, relating to the accounts ("Designated Accounts") listed on the attached spreadsheet:

1.  **With respect to all accounts Concerning M███ S██████, including accounts xxx-xx4967 and xxx-xx4972, produce for the period from January 1, 2017 to present:**

    **Response:** Please refer to the attached account list for a listing of the accounts included in the request letter as well as accounts in which M███ S██████ had a beneficial interest or discretionary powers during the Review Period.

    a.  **All account opening documents, including but not limited to new account forms, margin contracts, account agreements, option account forms, discretionary authority and/or powers of attorney, as well as all account closing documentation.**

        **Response:** Attached are new account documents associated with the Designated Accounts.

    b.  **All monthly account statements.**

        **Response:** Attached are the monthly account statements for the Designated Accounts during the Review Period.

    c.  **All customer identification, profile, and contact information, including phone numbers, email addresses, mailing addresses, and any known account numbers at other institutions.**

        **Response:** Attached is the profile documentation, demographic data, and the email addresses associated with the Designated Accounts. With respect to account numbers at other institutions, TDA may become privy to such information, but generally only if the client requests a transfer into or out of the Designated Accounts. Please refer to the previously provided account documentation and/or the account statements provided for relevant information.

    d.  **All documents reflecting or relating to any communications with the owners, representatives, or persons acting on behalf of, the Designated Accounts, including, without limitation, correspondence, email, instant messages, telephone logs, telephone recordings, memoranda, and notes, in hard copy or electronic form.**

**Response:** Correspondence, including account notes, has been included by the Firm during the Review Period (auto-generated communications are not provided). In reference to the call recordings that you have requested, TDA is not a FINRA-designated taping firm and does not record and/or retain all phone calls with clients, advisors, or the public. TDA account logs reflect that there have been phone calls between the clients and the Firm. If you wish to receive any calls based on the notes provided, please let us know and we will determine if the call is still in existence.

e.  **All documents relating to any compliance reviews conducted into any of the securities trading activity by any of the Designated Accounts.**

**Response:** Not applicable. TDA did not identify any responsive documents for the previous eighteen months' worth of Compliance risk reviews.

f.  **Money movement report and documents sufficient to show the financial institution and account number that sent money to or received money from the TDA account.**

**Response:** TDA has provided the available documentation associated with transfer of funds during the Review Period in the Designated Accounts, where applicable.

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request (the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976). In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than rely upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other governmental agency); or (2) refer to any conference, meeting, telephone conversation or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Exhibit 5 Page 40

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please reference the reference # above in any future correspondence regarding this matter.

Sincerely,

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:      Freedom of Information Act Office
         Rule83CTRs@sec.gov

         Kelly Bowers
         bowersk@sec.gov

---

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 41



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

September 13, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:   In the Matter of ███████████████████████, LLC, LA-5429; Reference #165008
      BATES #165008 - 000001 to 001621 ███████████

To Whom It May Concern:

Pursuant to the August 30, 2023, subpoena received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information for the period commencing January 1, 2017, through August 30, 2023 ("Review Period") unless otherwise noted, relating to the accounts ("Designated Accounts") listed below:

1. **With respect to accounts xxx-xx5543 and xxx-xx6146, produce for the period from January 1, 2017 to present:**

| Account Name | Account Number |
|---|---|
| ███████ TRUST UA OCT 10, 2015 VILMA ███ OR J███ S██ TRS | xxx-xx5543; account closed and converted to Schwab 9/5/2023 |
| L███ O███ ROLLOVER IRA | xxx-xx6146; closed 11/23/2020 |

   a. **All account opening documents, including but not limited to new account forms, margin contracts, account agreements, option account forms, discretionary authority and/or powers of attorney, as well as all account closing documentation.**

   **Response:** Attached are new account documents associated with the Designated Accounts. Please note that the account ending 5543 was transferred to Charles Schwab & Co., Inc. on September 5, 2023, as part of the Schwab-TD Ameritrade integration.

   b. **All monthly account statements.**

   **Response:** Attached are the monthly account statements for the Designated Accounts during the Review Period.

   c. **All customer identification, profile, and contact information, including phone numbers, email addresses, mailing addresses, and any known account numbers at other institutions.**

   **Response:** Attached is the profile documentation and demographic data for the Designated Accounts. The email address associated with the Designated Account ending 6146 is DALEC35@MSN.COM. Account ending 5543 did not have an email address listed. With respect to account numbers at other institutions, TDA may become privy to such information, but generally only if the client requests a transfer into or out of the Designated Accounts. Please refer to the previously provided account documentation and/or the account statements provided for relevant information.

d. **All documents reflecting or relating to any communications with the owners, representatives, or persons acting on behalf of, the Designated Accounts, including, without limitation, correspondence, email, instant messages, telephone logs, telephone recordings, memoranda, and notes, in hard copy or electronic form.**

**Response:** Correspondence has been included by the Firm during the Review Period. In reference to the call recordings that you have requested, TDA is not a FINRA-designated taping firm and does not record and/or retain all phone calls with clients, advisors, or the public. TDA account logs reflect that there have been phone calls between the clients and the Firm. If you wish to receive any calls based on the notes provided, please let us know and we will determine if the call is still in existence.

e. **All documents relating to any compliance reviews conducted into any of the securities trading activity by any of the Designated Accounts.**

**Response:** Not applicable. TDA did not identify any responsive documents for the previous eighteen months' worth of Compliance risk reviews.

f. **Money movement report and documents sufficient to show the financial institution and account number that sent money to or received money from the TDA account.**

**Response:** TDA has provided the available documentation associated with transfer of funds during the Review Period in the Designated Accounts, where applicable.

2. **With respect to accounts xxx-xx3567, xxx-xx7505, xxx-xx9133, xxx-xx3561, xxx-xx7501, and xxx-xx7965, produce account statements for 2019.**

| Account Name | | Account Number |
|---|---|---|
| J___ B S___ | SIMPLE IRA | xxx-xx3567; account closed and converted to Schwab 9/5/2023 |
| J___ S___ | ROTH IRA | xxx-xx7505; account closed and converted to Schwab 9/5/2023 |
| J___ S___ S___ | BENE IRA OF | xxx-xx9133; account closed and converted to Schwab 9/5/2023 |
| | SIMPLE IRA | xxx-xx3561; account closed and converted to Schwab 9/5/2023 |
| | , DDS, INC. ATTN: | xxx-xx7501; account closed and converted to Schwab 9/5/2023 |
| | ROTH IRA | xxx-xx7964; account closed and converted to Schwab 9/5/2023 |

**Response:** Attached are the monthly account statements for the above accounts from January 2019 through December 2019. Please note that the accounts were transferred to Charles Schwab & Co., Inc. on September 5, 2023, as part of the Schwab-TD Ameritrade integration.

3. **With respect to accounts xxx-xx6148 and xxx-xx5644, produce the account application.**

| Account Name | Account Number |
|---|---|
| THE C___ LIVING TRUST UA FEB 20, 2003 JULIE A DARRAH TR | xxx-xx6148 fka xxx-xx7125; closed 12/8/2020 |
| J___ S___ ROTH IRA | xxx-xx5644; account closed and converted to Schwab 9/5/2023 |

**Response:** Attached are new account documents associated with the above accounts. Please note that the account ending 5644 was transferred to Charles Schwab & Co., Inc. on September 5, 2023, as part of the Schwab-TD Ameritrade integration.

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request

Exhibit 5 Page 43

(the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976). In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than reply upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other governmental agency); or (2) refer to any conference, meeting, telephone conversation or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please reference the reference # above in any future correspondence regarding this matter.

Sincerely,

*Markita Wilson*

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:     Freedom of Information Act Office
        Rule83CTRs@sec.gov

        Kelly Bowers
        bowersk@sec.gov

---

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 44



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

September 15, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:    In the Matter of ████████████████████, LA-5429; Reference #165891
       BATES #165891 - 000001 to 000526

To Whom It May Concern:

Pursuant to the September 11, 2023, subpoena received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information for the period commencing January 1, 2020, through September 11, 2023 ("Review Period") unless otherwise noted, relating to the accounts ("Designated Accounts") listed below:

1.  **With respect to accounts xxx-xx5960 and xxx-xx5962, produce for the period from January 1, 2020 to present:**

| Account Name | Account Number |
|---|---|
| C███████H████████ FAMILY TRUST UA MAY 27, 2022 C██████ A H█████ TR | xxx-xx5960; closed and converted to Schwab 9/5/2023 |
| C████████ A H███████ IRA | xxx-xx5962; closed and converted to Schwab 9/5/2023 |

a.  **All account opening documents, including but not limited to new account forms, margin contracts, account agreements, option account forms, discretionary authority and/or powers of attorney, as well as all account closing documentation.**

    **Response:** Attached are new account documents associated with the Designated Accounts. Please note that the Designated Accounts were transferred to Charles Schwab & Co., Inc. on September 5, 2023, as part of the Schwab-TD Ameritrade integration.

b.  **All monthly account statements.**

    **Response:** Attached are the monthly account statements for the Designated Accounts during the Review Period.

c.  **All customer identification, profile, and contact information, including phone numbers, email addresses, mailing addresses, and any known account numbers at other institutions.**

    **Response:** Attached is the profile documentation and demographic data for the Designated Accounts. The email address associated with the Designated Accounts is CHAGGSTROM41@GMAIL.COM. With respect to account numbers at other institutions, TDA may become privy to such information, but generally only if the client requests a transfer into or out of the Designated Accounts. Please refer to the previously provided account documentation and/or the account statements provided for relevant information.

d. **All documents reflecting or relating to any communications with the owners, representatives, or persons acting on behalf of, the Designated Accounts, including, without limitation, correspondence, email, instant messages, telephone logs, telephone recordings, memoranda, and notes, in hard copy or electronic form.**

   **Response:** Correspondence has been included by the Firm during the Review Period. In reference to the call recordings that you have requested, TDA is not a FINRA-designated taping firm and does not record and/or retain all phone calls with clients, advisors, or the public. TDA account logs reflect that there have been phone calls between the clients and the Firm. If you wish to receive any calls based on the notes provided, please let us know and we will determine if the call is still in existence.

e. **All documents relating to any compliance reviews conducted into any of the securities trading activity by any of the Designated Accounts.**

   **Response:** Not applicable. TDA did not identify any responsive documents for the previous eighteen months' worth of Compliance risk reviews.

f. **Money movement report and documents sufficient to show the financial institution and account number that sent money to or received money from the TDA account.**

   **Response:** TDA has provided the available documentation associated with transfer of funds during the Review Period in the Designated Accounts.

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request (the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976). In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than reply upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other governmental agency); or (2) refer to any conference, meeting, telephone conversation

Exhibit 5 Page 46

or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please reference the reference # above in any future correspondence regarding this matter.

Sincerely,

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:     Freedom of Information Act Office
        Rule83CTRs@sec.gov

        Kelly Bowers
        bowersk@sec.gov

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 47



**FOIA Confidential Treatment Requested by TD Ameritrade, Inc.**

September 27, 2023

ENF-CPU
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750
ENF-CPU@sec.gov

**Sent Via Electronic Delivery Only**

Re:     In the Matter o█████████████████████████████, LA-5429; Reference #166725
        BATES #166725 - 000001 to 003599

To Whom It May Concern:

Pursuant to the September 21, 2023, subpoena received from Kelly Bowers regarding the matter referenced above, TD Ameritrade, Inc. ("TDA" or the "Firm") is providing the following documents and information for the period commencing January 1, 2020, through the present ("Review Period") unless otherwise noted, relating to the accounts ("Designated Accounts") listed on the attached spreadsheet. Please refer to the attached account list for a listing of the accounts included in the request letter as well as accounts in which B████ C████ had a beneficial interest or discretionary powers during the Review Period.

1.  **All account opening documents, including but not limited to new account forms, margin contracts, account agreements, option account forms, discretionary authority and/or powers of attorney, as well as all account closing documentation.**

    **Response:** Attached are new account documents associated with the Designated Accounts. Please note that many of the Designated Accounts on the attached spreadsheet were transferred to Charles Schwab & Co., Inc. on September 5, 2023, as part of the Schwab-TD Ameritrade integration.

2.  **All monthly account statements.**

    **Response:** Attached are the monthly account statements for the Designated Accounts during the Review Period.

3.  **All customer identification, profile, and contact information, including phone numbers, email addresses, mailing addresses, and any known account numbers at other institutions.**

    **Response:** Attached is the profile documentation, demographic data, and the email addresses associated with the Designated Accounts. With respect to account numbers at other institutions, TDA may become privy to such information, but generally only if the client requests a transfer into or out of the Designated Accounts. Please refer to the previously provided account documentation and/or the account statements provided for relevant information.

4.  **An electronic trade blotter (preferably in Microsoft Excel format), for all trades in all securities (including stock and options). Please include time-stamped order entry and time-stamped execution detail for all trades. Please also identify the time zone associated with the time stamps.**

**Response:** Please note that the Designated Accounts beginning 9 are maintained at TDA through our Institutional Services unit. The Institutional Services unit of TDA provides a brokerage, clearing, and custody platform for independent registered investment advisors who are not affiliated with or agents of TDA. For ease of review, the Firm has provided transactions both allocated to and placed in the Designated Accounts during the Review Period. Please let the Firm know if the Staff determines additional information is required. Time stamps are reflected in Central Time.

The Designated Accounts beginning with 4 did not reflect trade activity during the Review Period.

5. **Money movement report and documents sufficient to show the financial institution and account number that sent money to or received money from the TDA account.**

   **Response:** TDA has provided the available documentation associated with transfer of funds during the Review Period in the Designated Accounts, where applicable.

TDA has conducted a good faith search to identify, gather, and produce documents responsive to the above referenced request, which it intends to produce in accordance herewith, and reserves the right to supplement this production in the event it locates additional responsive documents.

Our production of these documents is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. For reasons of business confidentiality, TDA requests confidential treatment for the information contained in this letter and the documents provided pursuant to your request (the "Confidential Material"). The Confidential Material contains information concerning TDA's business and is maintained in confidence by TDA. We hereby claim pursuant to 17 C.F.R. §200.83 that all materials provided to the staff during the course of its investigation and/or examination, as well as this transmittal letter, are entitled to confidential treatment. Since these documents constitute records obtained by the Commission in connection with an investigation and/or examination, such records are certainly subject, at least at present, to the exemption from mandatory disclosure under Exemption 7 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (b) (7) (1976). In addition, we believe Exemptions 3, 4, 6, and 8 of the FOIA, 5 U.S.C. §§ 552 (b)(3), (b)(4), (b)(6) and (b)(8) are also applicable to these documents, as well as the protections available to TDA under the Privacy Act of 1974, 5 U.S.C. § 552(a). Disclosure is also prohibited under 18 U.S.C. § 1905.

Accordingly, pursuant to 17 C.F.R. § 200.83 and other applicable laws and regulations, these documents are submitted to the Commission with our request that they will be kept in a non-public file and that only a member of the Commission or its staff will have access to them[i]. Should the Commission receive any request for these documents, pursuant to the FOIA or otherwise, please notify TDA immediately, and furnish the TDA a copy of all written materials pertaining to such request (including but not limited to the request and any agency determination with respect to such request). We expect that we will be given an opportunity to object to such disclosure. And should the Commission be inclined to grant the request, it is our expectation that, in accordance with normal Commission practice and pursuant to the procedures required by Exec. Order 12,600 52 Fed. Reg. 23,781 (1987), we will be given ten business days' advance notice of any such decision to enable TDA to pursue any remedies that may be available to it. See, e.g., Chrysler Corp. v. Brown, 411 U.S. 281 (1979). In such event, we request that you telephone the TDA rather than reply upon the United States mail for such notice. If the Commission is not satisfied that the enclosed materials are exempt from disclosure pursuant to the FOIA, we stand ready to supply further particulars, and request a hearing on the claim of exemption.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever which are made by, or at the request of, any employee of the Commission (or any other government agency) and which (1) incorporate, include or relate any of the information described above provided to the Commission (or any other government agency); or (2) refer to any conference, meeting, telephone conversation or interview between (a) TDA's current or former employees, representatives, agents, auditors or counsel and (b) employees of the Commission (or any other government agency).

Finally, the documents and the information contained therein remain the property of TDA. Accordingly, we request that these documents (and all copies thereof) be returned to us after the staff has completed its efforts on this matter. If there are questions regarding the information provided, I may be contacted at 314-343-3231 or at reg.requests@schwab.com. Please reference the reference # above in any future correspondence regarding this matter.

Exhibit 5 Page 49

Sincerely,

Markita Wilson
Regulatory Compliance
TD Ameritrade, Inc., Member FINRA/SIPC

Enclosures

cc:     Freedom of Information Act Office
        Rule83CTRs@sec.gov

        Kelly Bowers
        bowersk@sec.gov

---

[i] We are sending a copy of this letter to the Commission's FOIA Officer.

Exhibit 5 Page 50

# EXHIBIT 6

| Account | Date | Notes | Amount |
|---|---|---|---|
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/5/2017 | From TD Ameritrade | 6,865 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 10/17/2017 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/15/2017 | From TD Ameritrade | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/21/2017 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/21/2017 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 2/27/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/13/2018 | To TD Ameritrade | (150,000) |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/21/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/23/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/22/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/21/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/23/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/21/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/21/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 10/23/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/21/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/21/2018 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/23/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/28/2019 | From TD Ameritrade | 45,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 2/21/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/21/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/23/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/21/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/21/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/23/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/21/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/23/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 10/22/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/8/2019 | From TD Ameritrade | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/21/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/23/2019 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/15/2020 | From TD Ameritrade | 25,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/22/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 2/21/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/10/2020 | From TD Ameritrade | 30,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/23/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/21/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/21/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/23/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/21/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/20/2020 | From TD Ameritrade | 24,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/21/2020 | From TD Ameritrade | 4,000 |

Exhibit 6 Page 51

| Account | Date | Notes | Amount |
|---|---|---|---|
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/22/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 10/21/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/3/2020 | From TD Ameritrade | 25,003 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/23/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/22/2020 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/8/2021 | From TD Ameritrade | 18,750 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/8/2021 | From TD Ameritrade | 50,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/21/2021 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 2/23/2021 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/23/2021 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/9/2021 | From TD Ameritrade | 60,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/14/2021 | From TD Ameritrade | 130,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/14/2021 | From TD Ameritrade | 45,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/21/2021 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/21/2021 | From TD Ameritrade | 150,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/21/2021 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/20/2021 | From TD Ameritrade | 20,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/22/2021 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 7/8/2021 | From TD Ameritrade | 75,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/21/2021 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/23/2021 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 9/14/2021 | From TD Ameritrade | 25,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/17/2021 | From TD Ameritrade | 15,001 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/21/2021 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 10/21/2021 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 11/5/2021 | From TD Ameritrade | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/23/2021 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 12/2/2021 | From TD Ameritrade | 25,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/21/2021 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/21/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 2/23/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/22/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/21/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/23/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/22/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/21/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/23/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/21/2022 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 9/28/2022 | From TD Ameritrade | 15,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 10/21/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/22/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/19/2022 | From TD Ameritrade | 1,770 |

Exhibit 6 Page 52

| Account | Date | Notes | Amount |
|---|---|---|---|
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/21/2022 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/23/2023 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 2/3/2023 | From TD Ameritrade | 50,000 |
| CBSM xxx064 (The S.S. Family Trust) | 2/22/2023 | From TD Ameritrade | 50,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 2/22/2023 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 3/3/2023 | From TD Ameritrade | 25,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/21/2023 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 3/22/2023 | From TD Ameritrade | 25,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/10/2023 | From TD Ameritrade | 5,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/21/2023 | From TD Ameritrade | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/28/2023 | From TD Ameritrade | 47,500 |
| CBSM xxx064 (The S.S. Family Trust) | 5/9/2023 | From TD Ameritrade | 5,500 |
| CBSM xxx064 (The S.S. Family Trust) | 5/17/2023 | From TD Ameritrade | 8,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/23/2023 | From TD Ameritrade | 4,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/26/2023 | From TD Ameritrade | 6,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/26/2023 | From TD Ameritrade | 6,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/30/2023 | From TD Ameritrade | 6,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/31/2023 | To TD Ameritrade | (6,000) |
| CBSM xxx064 (The S.S. Family Trust) | 6/1/2023 | From TD Ameritrade | 9,343 |
| CBSM xxx064 (The S.S. Family Trust) | 6/7/2023 | From TD Ameritrade | 10,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/12/2023 | From TD Ameritrade | 6,601 |
| CBSM xxx064 (The S.S. Family Trust) | 6/12/2023 | From TD Ameritrade | 3,399 |
| CBSM xxx064 (The S.S. Family Trust) | 6/26/2023 | From TD Ameritrade | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/26/2023 | From TD Ameritrade | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/13/2023 | From TD Ameritrade | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/27/2023 | From TD Ameritrade | 4,000 |

**Total   1,225,731**

Exhibit 6 Page 53

# EXHIBIT 7

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx064 (The S.S. Family Trust) | 4/2/2021 | Check from JPMC xxx566 (Julie A Darrah) | (100) |
| CBSM xxx064 (The S.S. Family Trust) | 4/16/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,500 |
| CBSM xxx064 (The S.S. Family Trust) | 5/3/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/12/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/14/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/26/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 40,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/27/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 100,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/1/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 20,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/30/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 15,000 |
| CBSM xxx064 (The S.S. Family Trust) | 7/9/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 40,000 |
| CBSM xxx064 (The S.S. Family Trust) | 7/12/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 7/27/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 8/2/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |
| CBSM xxx064 (The S.S. Family Trust) | 8/6/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 15,000 |
| CBSM xxx064 (The S.S. Family Trust) | 8/25/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,500 |
| CBSM xxx064 (The S.S. Family Trust) | 8/30/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx064 (The S.S. Family Trust) | 9/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,500 |
| CBSM xxx064 (The S.S. Family Trust) | 9/14/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 9/17/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 15,000 |
| CBSM xxx064 (The S.S. Family Trust) | 10/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 11/8/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 11/12/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx064 (The S.S. Family Trust) | 11/15/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,600 |
| CBSM xxx064 (The S.S. Family Trust) | 11/23/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 500 |
| CBSM xxx064 (The S.S. Family Trust) | 12/2/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 12/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx064 (The S.S. Family Trust) | 12/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 12/10/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |

Exhibit 7 Page 54

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx064 (The S.S. Family Trust) | 12/14/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,500 |
| CBSM xxx064 (The S.S. Family Trust) | 7/19/2022 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx064 (The S.S. Family Trust) | 12/20/2022 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 12/30/2022 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 1/5/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 2/6/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |
| CBSM xxx064 (The S.S. Family Trust) | 2/7/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 20,000 |
| CBSM xxx064 (The S.S. Family Trust) | 2/13/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 20,000 |
| CBSM xxx064 (The S.S. Family Trust) | 2/22/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 20,000 |
| CBSM xxx064 (The S.S. Family Trust) | 2/28/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 20,000 |
| CBSM xxx064 (The S.S. Family Trust) | 3/1/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |
| CBSM xxx064 (The S.S. Family Trust) | 3/7/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 25,000 |
| CBSM xxx064 (The S.S. Family Trust) | 3/13/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,500 |
| CBSM xxx064 (The S.S. Family Trust) | 3/24/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 15,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/3/2023 | Transfer to CBSMxxx157 (Julie Anne Darrah Trust) | 3,700 |
| CBSM xxx064 (The S.S. Family Trust) | 4/4/2023 | Transfer to CBSMxxx157 (Julie Anne Darrah Trust) | 500 |
| CBSM xxx064 (The S.S. Family Trust) | 4/4/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/10/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/12/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx064 (The S.S. Family Trust) | 4/28/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 30,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/2/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 15,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/4/2023 | Transfer to CBSMxxx157 (Julie Anne Darrah Trust) | 1,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/5/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,200 |
| CBSM xxx064 (The S.S. Family Trust) | 5/9/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,500 |
| CBSM xxx064 (The S.S. Family Trust) | 5/10/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/11/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 400 |
| CBSM xxx064 (The S.S. Family Trust) | 5/17/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/17/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx064 (The S.S. Family Trust) | 5/25/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |

Exhibit 7 Page 55

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx064 (The S.S. Family Trust) | 5/30/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 575 |
| CBSM xxx064 (The S.S. Family Trust) | 6/1/2023 | Transfer to CBSMxxx157 (Julie Anne Darrah Trust) | 2,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/1/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/1/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,900 |
| CBSM xxx064 (The S.S. Family Trust) | 6/2/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,500 |
| CBSM xxx064 (The S.S. Family Trust) | 6/6/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 900 |
| CBSM xxx064 (The S.S. Family Trust) | 6/7/2023 | Transfer to CBSMxxx157 (Julie Anne Darrah Trust) | 4,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/9/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,500 |
| CBSM xxx064 (The S.S. Family Trust) | 6/12/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 500 |
| CBSM xxx064 (The S.S. Family Trust) | 6/13/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/15/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/20/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/26/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |

**Total**  **612,675**

Exhibit 7 Page 56

# EXHIBIT 8

# CASHIERS CHECK

OK Per CC
Signed by LW
Fee Waived per Kd - Discretionary Wave
Purchaser: Julie Ann Darrah
Payee: ***Richard Osborn***
Purchase Amount: 200,000.00
Fee Amount: 0.00
Total Amount: 200,000.00
Serial Number: 00054986

Branch: 04
Teller: cbsmca\kdeleon
Account: ▮7200
Amount: $200,000.00

1:27 PM
4/15/2021

⑈00054986⑈ ⑈122243237⑈1997200⑈    11

04/15/2021  54986  $200,000.00
5250223954495

## Virtual Item - Back Image

### Trace Number: 2984-1-040.0001

# ADVICE OF CHARGE

Community Bank of Santa Maria

OK Per Courtney to issue
CC for Julie Darrah.
Signature obtained on
bank copy.

Branch:          04
Teller:  cbsmca\kdeleon
Account:  ▮3064
Amount:  $200,000.00

1:27 PM
4/15/2021

⑈122243237⑈  ▮064⑈    36

04/15/2021                  $200,000.00
5250223954496

## Virtual Item - Back Image

### Trace Number: 2984-1-040.0003

Exhibit 8 Page 57

# EXHIBIT 9

| Account | Date | Notes | Amount |
|---|---|---|---|
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/30/2019 | Bill Pay - PC&J Joint Ventures | 45,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/3/2019 | Bill Pay - PC&J Joint Ventures | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/14/2019 | Bill Pay - PC&J Joint Ventures | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/13/2019 | Bill Pay - PC&J Joint Ventures | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/1/2020 | Bill Pay - PC&J Joint Ventures | 10,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/20/2020 | Bill Pay - PC&J Joint Ventures | 30,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/18/2020 | Bill Pay - PC&J Joint Ventures | 20,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 1/20/2021 | Bill Pay - PC&J Joint Ventures | 30,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/28/2021 | Bill Pay - PC&J Joint Ventures | 25,000 |

**Total   190,000**

Exhibit 9 Page 58

# EXHIBIT 10

| Account | Date | Notes | Amount |
|---|---|---|---|
| WF xxx918 (S.S.) | 5/18/2023-6/16/2023 | Total Purchases | 25,432 |
| WF xxx918 (S.S.) | 6/17/2023-7/17/2023 | Total Purchases | 4,653 |
|  |  | **Total** | **30,085** |

Exhibit 10 Page 59

# EXHIBIT 11

| Account | Date | Notes | Amount |
|---|---|---|---|
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/7/2017 | Bill Pay - Julie Darrah | 900 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/22/2017 | Bill Pay - Julie Darrah | 950 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 10/25/2017 | Bill Pay - Julie Darrah | 1,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/16/2017 | Bill Pay - Julie Darrah | 500 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 3/26/2018 | Bill Pay - Julie Darrah | 2,600 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 5/16/2018 | Bill Pay - Julie Darrah | 500 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/22/2018 | Bill Pay - Julie Darrah | 600 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/24/2018 | Bill Pay - Julie Darrah | 500 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 8/16/2018 | Bill Pay - Julie Darrah | 250 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/11/2019 | Bill Pay - Julie Darrah | 500 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 11/13/2019 | Bill Pay - Julie Darrah | 5,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/5/2019 | Bill Pay - Julie Darrah | 5,000 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 7/22/2020 | Bill Pay - Julie Darrah | 500 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 12/30/2020 | Bill Pay - Julie Darrah | 500 |

**Total** **19,300**

Exhibit 11 Page 60

# EXHIBIT 12

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx064 (The S.S. Family Trust) | 5/24/2023 | Transfer to CBSM xx687 (B.H. Special Needs Trust) | 1,500 |
| CBSM xxx064 (The S.S. Family Trust) | 6/7/2023 | Transfer to CBSM xx687 (B. H. Special Needs Trust) | 1,000 |
| CBSM xxx064 (The S.S. Family Trust) | 6/20/2023 | Transfer to CBSM xx687 (B. H. Special Needs Trust) | 1,000 |
| | | **Total** | **3,500** |

Exhibit 12 Page 61

# EXHIBIT 13

| Account | Date | Notes | Amount |
|---|---|---|---|
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/17/2017 | Bill Pay Vivid Financial | 445 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 6/22/2018 | Bill Pay Vivid Financial | 445 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/10/2019 | Bill Pay Vivid Financial | 450 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 4/20/2020 | Bill Pay Vivid Financial | 450 |
| WF xxx715 (S.S. Family Trust S.S. TTE) | 9/27/2022 | Bill Pay Vivid Financial | 450 |

**Total** **2,240**

Exhibit 13 Page 62

# EXHIBIT 14



Exhibit 14 Page 63

# EXHIBIT 15

| Account Name | Account Number | Balance as of February 1, 2017 | Balance as of November 1, 2017 |
|---|---|---|---|
| S.S. Family Trust | xxx628 | 501,287 | 533,294 |
| S.S. Family Trust Acct 2 | xxx698 | 373,499 | 407,377 |
| S.S. Rollover IRA | xxx888 | 146,804 | 148,990 |
| S.S. Roth IRA | xxx890 | 7,554 | 7,327 |
| | | **Total** | **1,291,144** | **1,096,987** |

| Account Name | Brokerage/Bank | Account Number | Balance as of July 31, 2023 |
|---|---|---|---|
| S.S. Family Trust | TD | xxx628 | 51,370 |
| S.S. Family Trust Acct 2 | TD | xxx698 | - |
| S.S. Rollover IRA | TD | xxx888 | 15,145 |
| S.S. Roth IRA | TD | xxx890 | - |
| S.S. Family Trust S. S. TTE | WF | xxx715 | 2,308 |
| S.S. Family Trust S. S. TTE | WF | xxx604 | 18,148 |
| The S.S. Family Trust | CBSM | xxx064 | 60 |
| | | **Total** | **87,031** |

Exhibit 15 Page 64

# EXHIBIT 16

| Account | Date | Notes | Amount |
|---|---|---|---|
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/13/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/14/2020 | TD Ameritrade | 30,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 2/11/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/11/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/14/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/12/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/11/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/13/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 8/11/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 9/11/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 10/14/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 10/30/2020 | TD Ameritrade | 16,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/2/2020 | TD Ameritrade | 50,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/12/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/24/2020 | TD Ameritrade | 50,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/11/2020 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/18/2020 | TD Ameritrade | 40,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/7/2021 | TD Ameritrade | 60,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/12/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 2/11/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/11/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/31/2021 | TD Ameritrade | 24,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/8/2021 | TD Ameritrade | 28,050 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/13/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/11/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/25/2021 | TD Ameritrade | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/11/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/26/2021 | TD Ameritrade | 20,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/13/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 8/11/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 9/11/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 9/18/2021 | TD Ameritrade | 20,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 10/13/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/5/2021 | TD Ameritrade | 15,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/12/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/30/2021 | TD Ameritrade | 25,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/7/2021 | TD Ameritrade | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/11/2021 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/11/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 2/11/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/11/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/12/2022 | TD Ameritrade | 1,047 |

Exhibit 16 Page 65

| Account | Date | Notes | Amount |
|---|---|---|---|
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/11/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/11/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/12/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 8/5/2022 | TD Ameritrade | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 8/11/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 9/13/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 10/12/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/14/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/13/2022 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/28/2022 | TD Ameritrade | 15,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/28/2022 | TD Ameritrade | 30,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/9/2023 | TD Ameritrade | 20,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/11/2023 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 2/13/2023 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 2/22/2023 | TD Ameritrade | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/11/2023 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/21/2023 | TD Ameritrade | 1,792 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/21/2023 | TD Ameritrade | 33,208 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/29/2023 | TD Ameritrade | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/8/2023 | TD Ameritrade | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/11/2023 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/12/2023 | TD Ameritrade | 40,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/13/2023 | TD Ameritrade | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/11/2023 | TD Ameritrade | 1,047 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/17/2023 | TD Ameritrade | 7,500 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/25/2023 | TD Ameritrade | 9,900 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/1/2023 | TD Ameritrade | 6,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/2/2023 | TD Ameritrade | 700 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/22/2023 | TD Ameritrade | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/5/2023 | TD Ameritrade | 700 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/6/2023 | TD Ameritrade | 2,000 |
| | | **Total** | **647,756** |

Exhibit 16 Page 66

# EXHIBIT 17

| Account | Date | Notes | Amount |
|---|---|---|---|
| JPMC xxx434 (M.S. or Julie A Darrah) | 2/3/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 15,000 |
| JPMC xxx871 (M.S. or Julie A Darrah) | 7/2/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 2,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 10/27/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 12,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 10/30/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 12,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/10/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 35,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/20/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 20,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/4/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 45,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/23/2020 | Transfers to JPMC xxx566 (Julie A Darrah) | 20,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/4/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 16,000 |
| JPMC xxx871 (M.S. or Julie A Darrah) | 1/6/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 8,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/12/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 25,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 2/19/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 13,000 |
| JPMC xxx871 (M.S. or Julie A Darrah) | 3/15/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/5/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/8/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 50,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/3/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 7,500 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/1/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 9/17/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 9/23/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 10/28/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 1,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/1/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/12/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 12,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 11/30/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 25,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/1/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/3/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 2,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/24/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/29/2021 | Transfers to JPMC xxx566 (Julie A Darrah) | 2,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/3/2022 | Transfers from JPMC xxx566 (Julie A Darrah) | (15,000) |
| JPMC xxx434 (M.S. or Julie A Darrah) | 12/28/2022 | Transfers to JPMC xxx566 (Julie A Darrah) | 45,000.00 |

Exhibit 17 Page 67

| Account | Date | Notes | Amount |
|---|---|---|---|
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/20/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 15,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/4/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 1,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/21/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 7,500 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/26/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 3/29/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/7/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/12/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/13/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 4,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/14/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 18,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/14/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 6,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/2/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 1,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/6/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 1,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/17/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/18/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 2,500 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/25/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 8,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/1/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 7,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/2/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 700 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/9/2023 | Transfers from JPMC xxx566 (Julie A Darrah) | (1,000) |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/16/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 700 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/21/2023 | Transfers from JPMC xxx566 (Julie A Darrah) | (5,000) |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/22/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 5,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/5/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 1,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/18/2023 | Transfers to JPMC xxx566 (Julie A Darrah) | 1,000 |

**Total**    **510,900**

Exhibit 17 Page 68

| Account | Date | Notes | Amount |
|---|---|---|---|
| JPMC xxx434 (M.S. or Julie A Darrah) | 1/13/2021 | Transfers to (PC & J Joint Ventures) | 8,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 4/15/2021 | Transfers to (PC & J Joint Ventures) | 20,000 |
| JPMC xxx871 (M.S. or Julie A Darrah) | 5/24/2021 | Transfers to (PC & J Joint Ventures) | 8,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 5/25/2021 | Transfers to (PC & J Joint Ventures) | 10,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/25/2021 | Transfers to (PC & J Joint Ventures) | 5,000 |
| JPMC xxx871 (M.S. or Julie A Darrah) | 6/25/2021 | Transfers to (PC & J Joint Ventures) | 7,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 7/2/2021 | Transfers to (PC & J Joint Ventures) | 3,000 |
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/30/2023 | Transfers to (PC & J Joint Ventures) | 2,000 |
| | | **Total** | **63,000** |

| Account | Date | Notes | Amount |
|---|---|---|---|
| JPMC xxx434 (M.S. or Julie A Darrah) | 6/9/2023 | CC Payment FBO (Jullie A Darrah) | 1,000 |

Exhibit 17 Page 69

# EXHIBIT 18

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSMxx412 (Julie A Darrah) | 11/8/2016 | Deposit (M.S.) | 1,000 |
| CBSMxx412 (Julie A Darrah) | 3/6/2017 | Deposit (M.S.) | 1,000 |
| CBSMxx412 (Julie A Darrah) | 12/4/2017 | Deposit (M.S.) | 1,000 |
| CBSMxx412 (Julie A Darrah) | 3/4/2019 | Deposit (M.S.) | 500 |
| | | **Total** | **3,500** |

Exhibit 18 Page 70

# EXHIBIT 19



Exhibit 19 Page 71

# EXHIBIT 20

| Account Name | Account Number | Balance as of January 1, 2020 | Balance as of July 31, 2023 |
|---|---|---|---|
| M.S. Trust | xxx967 | 371,587 | 33 |
| M.S. | xxx467 | NA | - |
| M. S. Rollover IRA | xxx972 | 340,090 | 14,757 |
| **Total** | | **711,677** | **14,790** |

Exhibit 20 Page 72

# EXHIBIT 21

| Account | Date | Ticker Sold | Proceeds |
|---|---|---|---|
| TD xxx960 (C.H. Family Trust) | 6/13/2023 | JSOSX | 10,000 |
| TD xxx960 (C.H. Family Trust) | 6/27/2023 | FSKAX | 50,000 |
| TD xxx960 (C.H. Family Trust) | 6/27/2023 | VTSAX | 50,000 |
| TD xxx960 (C.H. Family Trust) | 7/14/2023 | VTSAX | 100,000 |
| | | **Total Sold** | **210,000** |

| Account | Date | Notes | Amount |
|---|---|---|---|
| MB xxx647 (C.H. Julie Darrah) | 6/1/2023 | Wire From TD Ameritrade | 10,000 |
| MB xxx647 (C.H. Julie Darrah) | 6/27/2023 | Wire From TD Ameritrade | 90,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/5/2023 | Wire From TD Ameritrade | 17,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/6/2023 | Wire From TD Ameritrade | 10,800 |
| MB xxx647 (C.H. Julie Darrah) | 7/14/2023 | Wire From TD Ameritrade | 50,000 |
| | | **Total Wires** | **177,800** |

Exhibit 21 Page 73

# EXHIBIT 22

| Account | Date | Notes | Amount |
|---|---|---|---|
| MB xxx647 (C.H. Julie Darrah) | 5/22/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 1,000 |
| MB xxx647 (C.H. Julie Darrah) | 5/25/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 1,000 |
| MB xxx647 (C.H. Julie Darrah) | 5/31/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 1,000 |
| MB xxx647 (C.H. Julie Darrah) | 6/1/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 5,000 |
| MB xxx647 (C.H. Julie Darrah) | 6/6/2023 | Transfers to MB xxx090 (E.E. and Julie Darrah) | 2,500 |
| MB xxx647 (C.H. Julie Darrah) | 6/6/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 3,000 |
| MB xxx647 (C.H. Julie Darrah) | 6/27/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 1,000 |
| MB xxx647 (C.H. Julie Darrah) | 6/27/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 110,000 |
| MB xxx647 (C.H. Julie Darrah) | 6/29/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 10,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/3/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 10,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/5/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 10,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/6/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 5,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/6/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 25,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/10/2023 | Transfers to MB xxx090 (E.E. and Julie Darrah) | 1,500 |
| MB xxx647 (C.H. Julie Darrah) | 7/13/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 10,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/14/2023 | Transfers to MB xxx090 (E.E. and Julie Darrah) | 20,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/17/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 3,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/18/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 5,000 |
| MB xxx647 (C.H. Julie Darrah) | 7/20/2023 | Transfers to MB xxx011 (Julie Darrah J.S.) | 18,000 |

**Total**   **242,000**

Exhibit 22 Page 74

# EXHIBIT 23



Exhibit 23 Page 75

# EXHIBIT 24

Exhibit 24 Page 76

# EXHIBIT 25

| | |
|---|---|
| Account Number: | 8025712087 |
| Capture Date: | January 31, 2022 |
| Item Number: | 5250224726678 |
| Posted Date: | January 31, 2022 |
| Posted Item Number: | 1363 |
| Amount: | 141,618.11 |
| Record Type: | Foreign Item (Not On Us) |

**THIS CHECK CONTAINS MULTIPLE FRAUD DETERRENT SECURITY FEATURES**

Venerable Insurance and Annuity Company
699 Walnut Street
Suite 1350
Des Moines, IA 50309-3942

66-156/511

Date: 01/04/2022
Check #: 1000517998
Ref: GARGA1WGVAM

**Pay Exactly** **One Hundred Forty-One Thousand Six Hundred Eighteen and 11/100 -US Dollars **

**Amount**

$**141,618.11**

TO THE
ORDER
OF

R            H
SANTA MARIA CA

VOID AFTER 180 DAYS

WELLS FARGO BANK, N.A.

Memo: C074968-LM

Authorized Signer

⑈1000517998⑈ ⑆053101561⑆80 2571 2087⑈

255134230

CBSM-100243237   2990-1-012
1 3' 2022L·L Loeffler



ENDORSE HERE

DO NOT WRITE SIGN OR STAMP BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

Exhibit 25 Page 77

# EXHIBIT 26

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx687 (B.H. Special Needs Trust) | 02/22/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 31,350 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/23/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 800 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/24/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 700 |
| CBSM xxx687 (B.H. Special Needs Trust) | 06/16/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 07/05/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,500 |
| CBSM xxx687 (B.H. Special Needs Trust) | 07/05/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 07/08/22 | Transfer from CBSM xxx412 (Julie A Darrah) | (7,500) |
| CBSM xxx687 (B.H. Special Needs Trust) | 07/19/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 07/20/22 | Transfer from CBSM xxx412 (Julie A Darrah) | (2,000) |
| CBSM xxx687 (B.H. Special Needs Trust) | 12/05/22 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 02/02/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 50,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/01/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 20,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/13/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/13/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/16/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/21/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 04/21/23 | Transfer from CBSM xxx412 (Julie A Darrah) | (7,000) |
| CBSM xxx687 (B.H. Special Needs Trust) | 05/02/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,200 |
| CBSM xxx687 (B.H. Special Needs Trust) | 05/09/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 05/11/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 600 |
| CBSM xxx687 (B.H. Special Needs Trust) | 05/30/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 950 |
| CBSM xxx687 (B.H. Special Needs Trust) | 06/12/23 | Transfer to CBSM xxx412 (Julie A Darrah) | 650 |

**Total**    **128,250**

Exhibit 26 Page 78

# EXHIBIT 27

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx687 (B.H. Special Needs Trust) | 04/15/22 | Transfer to B.H. | 501 |
| CBSM xxx687 (B.H. Special Needs Trust) | 05/03/22 | Transfer to B.H. | 500 |
| CBSM xxx687 (B.H. Special Needs Trust) | 05/10/22 | Transfer to B.H. | 500 |
| CBSM xxx687 (B.H. Special Needs Trust) | 06/02/22 | Transfer to B.H. | 500 |
| CBSM xxx687 (B.H. Special Needs Trust) | 06/08/22 | Transfer to B.H. | 500 |
| CBSM xxx687 (B.H. Special Needs Trust) | 07/05/22 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 08/02/22 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 09/02/22 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 09/22/22 | Transfer to B.H. | 500 |
| CBSM xxx687 (B.H. Special Needs Trust) | 10/04/22 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 11/02/22 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 11/29/22 | Transfer to B.H. | 500 |
| CBSM xxx687 (B.H. Special Needs Trust) | 12/02/22 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 01/04/23 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 02/02/23 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 03/02/23 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 04/04/23 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 05/02/23 | Transfer to B.H. | 1,000 |
| CBSM xxx687 (B.H. Special Needs Trust) | 06/02/23 | Transfer to B.H. | 1,000 |

**Total    15,501**

Exhibit 27 Page 79

# EXHIBIT 28



**CHASE PRIVATE CLIENT**

February 01, 2022 through February 28, 2022
Primary Account: ██████1566

## TRANSACTION DETAIL *(continued)*



| DATE | DESCRIPTION | AMOUNT | BALANCE |
|------|-------------|--------|---------|
| 02/14 | Check           # 410 | -20.00 | 720,082.34 |
| 02/14 | Check           # 411 | -208.00 | 719,874.34 |
| 02/14 | Check           # 415 | -450.00 | 719,424.34 |
| 02/15 | 02/15 Online Domestic Wire Transfer Via: Coasthills CU/322270822 A/C: Jerald Darrah Jr Springville IN 47462 US Ref: Gilt/Bnf/Darrah Imad: 0215B1Qgc01C002981 Trn: 3139172046Es | -30,000.00 | 689,424.34 |
| 02/15 | Paypal        Inst Xfer  Seatconcept     Web ID: Paypalsi77 | -373.37 | 689,050.97 |
| 02/16 | Paypal        Inst Xfer  Threshinsup     Web ID: Paypalsi77 | -1,501.95 | 687,549.02 |
| 02/16 | Paypal        Inst Xfer  Microsoft Xbox  Web ID: Paypalsi77 | -19.99 | 687,529.03 |
| 02/16 | Zelle Payment To Toxkl Woodland 13682211230 | -2,961.00 | 684,568.03 |
| 02/16 | 02/16 Online Domestic Wire Transfer Via: Wells Fargo NA/121000248 A/C: Tvj Sons Ksm LLC Santa Maria CA 93455 US Ref: B████ H████ Purchase/Bnf/B████ H████ Time/15:42 Imad: 0216B1Qgc03C011886 Trn: 3397982047Es | -31,350.67 | 653,217.36 |
| 02/17 | Card Purchase        02/16 Jerry S Plumbing & He 805-928-5526 CA Card 1087 | -155.00 | 653,062.36 |
| 02/17 | 02/17 Online Transfer To Chk ...2181 Transaction#: 13689126688 | -30,000.00 | 623,062.36 |
| 02/17 | Paypal        Inst Xfer  Microsoft Xbox  Web ID: Paypalsi77 | -35.99 | 623,026.37 |
| 02/22 | Paypal        Inst Xfer  Microsoft Xbox  Web ID: Paypalsi77 | -7.99 | 623,018.38 |
| 02/23 | Paypal        Inst Xfer  Tononedosig     Web ID: Paypalsi77 | -184.94 | 622,833.44 |
| 02/24 | 02/23 Payment To Chase Card Ending IN 2147 | -9,583.92 | 613,249.52 |
| 02/24 | Check           # 416 | -500.00 | 612,749.52 |
| 02/28 | Wealth Enhanceme Direct-Pay         PPD ID: 2242176753 | 1,315.81 | 614,065.33 |
| 02/28 | Card Purchase        02/25 Tognazzini Beverage 805-928-1144 CA Card 1087 | -168.57 | 613,896.76 |
| 02/28 | Check           # 421 | -294.14 | 613,602.62 |
| 02/28 | Paypal        Inst Xfer  Spotifyusai     Web ID: Paypalsi77 | -9.99 | 613,592.63 |
| 02/28 | 02/28 Online Domestic Wire Transfer Via: Wells Fargo NA/121000248 A/C: Tre 5 Customs Peoria AZ 85345 US Ref: Shannon Hartley Build/Bnf/Tre 5/Time/03.36 Imad: 0228B1Qgc01C001124 Trn: 3059322059Es | -25,000.00 | 588,592.63 |
| 02/28 | Interest Payment | 5.25 | 588,597.88 |
| | **Ending Balance** | | **$588,597.88** |



# EXHIBIT 29



Exhibit 29 Page 82

# EXHIBIT 30



Account Number: ███1301
Capture Date: July 07, 2020
Item Number: 5250223220622
Posted Date: July 07, 2020
Posted Item Number: 1111
Amount: 54,125.00
Record Type: Foreign Item (Not On Us)

J███ ███ S███
SANTA MARIA, CA ███

3640

16-46/1220

7-6-20

Pay to the Order of ___ P███ S███ Trust ___ $ 54,125.00

Fifty Four Thousand, One Hundred Twenty Five and 7/100 Dollars

BANK OF AMERICA

For ___ transfer to trust acct ___ J███ S███

⑈122000661⑈ ███ 1301⑈ 3640

CBSM 1,224,257   2054-1-033
7 7 2020 Vira Hernandez



Exhibit 30 Page 83

# EXHIBIT 31

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx094 (P.S. Special Needs Trust) | 8/31/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 550 |
| CBSM xxx094 (P.S. Special Needs Trust) | 10/1/2020 | Transfer to CBSM xxx134 (S.A. Living Trust) | 550 |
| CBSM xxx094 (P.S. Special Needs Trust) | 11/18/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,500 |
| CBSM xxx094 (P.S. Special Needs Trust) | 11/23/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 12/3/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 12/15/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 12/18/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 12/21/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 12/21/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 12/28/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 1/5/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 1/6/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 1/11/2021 | Transfer from CBSM xxx412 (Julie A Darrah) | (10,000) |
| CBSM xxx094 (P.S. Special Needs Trust) | 1/21/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 10,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 1/28/2021 | Transfer from CBSM xxx157 (Julie Anne Darrah Trust) | (15,000) |
| CBSM xxx094 (P.S. Special Needs Trust) | 3/9/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 3/16/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 4/5/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 5/24/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 5/26/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 7/6/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 9/2/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 9/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 4,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 9/10/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,500 |
| CBSM xxx094 (P.S. Special Needs Trust) | 10/12/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 10/14/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,500 |
| CBSM xxx094 (P.S. Special Needs Trust) | 11/23/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,500 |
| CBSM xxx094 (P.S. Special Needs Trust) | 3/21/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 3,000 |
| CBSM xxx094 (P.S. Special Needs Trust) | 5/9/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |

**Total    54,100**

Exhibit 31 Page 84

# EXHIBIT 32

| Account | Date | Notes | Amount |
|---|---|---|---|
| JPMC xxx566 (Julie A Darrah) | 12/23/2021 | Check to P.S. | 1,200 |
| JPMC xxx566 (Julie A Darrah) | 1/25/2022 | Check to P.S. | 1,200 |
| JPMC xxx566 (Julie A Darrah) | 2/1/2022 | Check to P.S. | 1,100 |
| JPMC xxx566 (Julie A Darrah) | 2/24/2022 | Check to P.S. | 500 |
| JPMC xxx566 (Julie A Darrah) | 3/3/2022 | Check to P.S. | 500 |
| JPMC xxx566 (Julie A Darrah) | 3/23/2022 | Check to P.S. | 500 |
| JPMC xxx566 (Julie A Darrah) | 4/4/2022 | Check to P.S. | 500 |
| | | **Total JPMC xxx566** | **5,500** |

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx412 (Julie A Darrah) | 7/3/2020 | Check to P.S. | 100 |
| CBSM xxx412 (Julie A Darrah) | 9/4/2020 | Check to P.S. | 550 |
| CBSM xxx412 (Julie A Darrah) | 10/5/2020 | Check to P.S. | 550 |
| CBSM xxx412 (Julie A Darrah) | 12/4/2020 | Check to P.S. | 1,000 |
| CBSM xxx412 (Julie A Darrah) | 3/4/2021 | Check to P.S. | 1,200 |
| CBSM xxx412 (Julie A Darrah) | 7/8/2021 | Check to P.S. | 500 |
| CBSM xxx412 (Julie A Darrah) | 7/27/2021 | Check to P.S. | 1,000 |
| CBSM xxx412 (Julie A Darrah) | 7/27/2021 | Check to P.S. | 700 |
| CBSM xxx412 (Julie A Darrah) | 9/9/2021 | Check to P.S. | 700 |
| CBSM xxx412 (Julie A Darrah) | 9/30/2021 | Check to P.S. | 1,200 |
| CBSM xxx412 (Julie A Darrah) | 11/2/2021 | Check to P.S. | 1,200 |
| CBSM xxx412 (Julie A Darrah) | 12/2/2021 | Check to P.S. | 700 |
| | | **Total CBSM xxx412** | **9,400** |

| | | **Total** | **14,900** |

Exhibit 32 Page 85

# EXHIBIT 33



Check From J.S. → CBSM xxx094 (P. S. Special Needs Trust) Bank Account $54,125 → Julie Darrah Controlled CBSM Bank Accounts (xxx412,xxx157,xxx134) $54,100 (net)

Exhibit 33 Page 86

# EXHIBIT 34

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx546 (L.C.Trust) | 11/6/2020 | TD Ameritrade | 20,000 |

| Account | Date | Notes | Amount |
|---|---|---|---|
| CBSM xxx546 (L.C.Trust) | 11/6/2020 | Check from Julie A Darrah (CBSM xxx412) | (100) |
| CBSM xxx546 (L.C.Trust) | 12/29/2020 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx546 (L.C.Trust) | 1/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 9,146 |
| CBSM xxx546 (L.C.Trust) | 3/23/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx546 (L.C.Trust) | 3/25/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 5,000 |
| CBSM xxx546 (L.C.Trust) | 4/7/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx546 (L.C.Trust) | 4/14/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,300 |
| CBSM xxx546 (L.C.Trust) | 6/23/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx546 (L.C.Trust) | 9/13/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 500 |
| CBSM xxx546 (L.C.Trust) | 10/12/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 400 |
| CBSM xxx546 (L.C.Trust) | 11/5/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx546 (L.C.Trust) | 11/26/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 500 |
| CBSM xxx546 (L.C.Trust) | 2/22/2022 | Transfer to CBSM xxx412 (Julie A Darrah) | 191 |
| | | **Total** | **27,937** |

Exhibit 34 Page 87

# EXHIBIT 35



Exhibit 35 Page 88

# EXHIBIT 36

| Account | Date | Notes | Amount |
|---------|------|-------|--------|
| CBSM xxx134 (S.A. Living Trust) | 4/5/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,000 |
| CBSM xxx134 (S.A. Living Trust) | 6/28/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 2,500 |
| CBSM xxx134 (S.A. Living Trust) | 7/8/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx134 (S.A. Living Trust) | 9/10/2021 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx134 (S.A. Living Trust) | 6/1/2022 | Transfer to CBSM xxx412 (Julie A Darrah) | 1,000 |
| CBSM xxx134 (S.A. Living Trust) | 3/20/2023 | Transfer to CBSM xxx412 (Julie A Darrah) | 400 |

**Total Transfers to Julie Darrah**   7,900

| Account | Date | Notes | Amount |
|---------|------|-------|--------|
| JPMC xxx566 (Julie A Darrah) | 11/15/2022 | Check to S.A. D1 | (1,053) |
| JPMC xxx566 (Julie A Darrah) | 11/15/2022 | Check to S.A. D2 | (1,053) |

**Total Payments to S.A.'s Daughters**   (2,107)

**Total Funds Misappropriated**   5,793

Exhibit 36 Page 89