1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9         **CENTRAL DISTRICT OF CALIFORNIA**
10                **Western Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:23-CV-08843-DSF-AGR |
| Plaintiff, | **JUDGMENT AS TO DEFENDANT JULIE ANNE DARRAH** |
| vs. | |
| JULIE ANNE DARRAH and VIVID FINANCIAL MANAGEMENT, INC., | |
| Defendants. | |
| PC&J JOINT VENTURES, LLC, | |
| Relief Defendant. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Securities and Exchange Commission having filed a Complaint and Defendant Julie Anne Darrah ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

>    (a)    to employ any device, scheme, or artifice to defraud;

>    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

>    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

1

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendant is permanently restrained and enjoined from any violation of Section 17(a)
of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer
or sale of any security by using any means or instruments of transportation or
communication in interstate commerce or by using the mails, directly or indirectly:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to obtain money or property by means of any untrue statement of a
material fact or any omission of a material fact necessary in order
to make the statements made, in light of the circumstances under
which they were made, not misleading; or

     (c)    to engage in any transaction, practice, or course of business which
operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
binds the following who receive actual notice of this Judgment by personal service or
otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and
(b) other persons in active concert or participation with Defendant or with anyone
described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
permanently restrained and enjoined from any violation of Sections 206(1) and (2) of
the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) & 80b-6(2)] and
from, while acting as investment adviser, by the use of any means or instruments of
interstate commerce, directly or indirectly:

     (a)    employing any device, scheme or artifice to defraud any client or
prospective client; and

     (b)    engaging in any transaction, practice, or course of business which
operates or would operate as a fraud or deceit upon any client or

prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Darrah's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Darrah or with anyone described in (a).

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from any violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 promulgated thereunder [17 C.F.R. § 275.206(4)-7], by knowingly or recklessly providing substantial assistance to a registered investment adviser's failure to adopt and implement written policies and procedures reasonably designed to prevent violation of the Advisers Act and the rules thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Darrah's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Darrah or with anyone described in (a).

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from any violation of Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by making any untrue statement of a material fact in any registration application or report filed with the Commission under Section 203, or 204, or willfully omitting to state in any such application or report any material fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

following who receive actual notice of this Order by personal service or otherwise: (a) Darrah's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Darrah or with anyone described in (a).

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from any violation of, directly or indirectly, Advisers Act Section 206(4) [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2] promulgated thereunder by knowingly or recklessly providing substantial assistance to a registered investment adviser engaged in acts, practices, or courses of business which are fraudulent, deceptive, or manipulative by having custody of client funds or securities without (1) maintaining those funds in a separate account for each client under that client's name or in accounts that contain Defendant's clients' funds and securities, under Defendant's name as agent or trustee for the clients; (2) notifying Defendant's clients in writing if Defendant opens an account with a qualified custodian on Defendant's clients' behalf, either under the client's name or under Defendant's name as agent, including the qualified custodian's name, address, and the manner in which the funds or securities are maintained; (3) having a reasonable basis, after due inquiry, for believing that the qualified custodian sends account statements at least quarterly to the clients; and (4) ensuring that client funds and securities are verified by actual examination each year by an independent public accountant at a time chosen by the accountant without prior notice or announcement to the adviser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

4

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(1) and (d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Section 20(b) of the Securities Act, [15 U.S.C. §§ 77t(b)] and Section 209(d) of the Advisers Act [15 U.S.C. §§ 80b-9(d)], Defendant is permanently restrained and enjoined from directly or indirectly participating in the offer, sale, or transfer of any security on behalf of any other person or any entity, including in her capacity as a trustee for such other person or entity; provided, however that such injunction shall not prevent Darrah from purchasing or selling securities for her own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from July 25, 2023, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that she did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge

the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: December 6, 2023

_____
THE HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE