DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
DANIEL S. LIM (Cal. Bar No. 292406)
Email: limda@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine E. Zoladz, Regional Director
Gary Y. Leung, Associate Regional Director
Brent Wilner, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JULIE ANNE DARRAH and VIVID FINANCIAL MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 2:23-CV-08843-DSF-AGR<br><br>**CONSENT OF DEFENDANT JULIE ANNE DARRAH** |

1. Defendant Julie Anne Darrah ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"),

Case No.: 2:23-CV-08843-AGR

|   |   |   |
|---|---|---|
| 1 |     | Section 10(b) of the Securities Exchange Act of 1934 ("Exchange |
| 2 |     | Act") and Rules 10b-5 thereunder, and Sections 206(1), 206(2), |
| 3 |     | 206(4) and 207 of the Investment Advisers Act of 1940 |
| 4 |     | ("Advisers Act") and Rules 206(4)-2 and 206(4)-7 thereunder; |
| 5 | (b) | prohibits Defendant from directly or indirectly participating in the offer, sale, or transfer of any security on behalf of any other person or any entity, including in her capacity as a trustee for such other person or entity; provided, however that such injunction shall not prevent Defendant from purchasing or selling securities for her own personal account; |
| 11 | (c) | orders Defendant to pay disgorgement in the amount of $2,247,330, plus prejudgment interest thereon in the amount of $169,181.18; |
| 14 | (d) | orders Defendant to pay a civil penalty in the amount of $2,247,330 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3); |
| 19 | (e) | orders that no later than thirty (30) days following entry of this Final Judgment, the Clerk of Court transfer to the Commission the entire balance of funds attributable to this case (as well as any future deposits) paid into either the registry of this Court or the Court Registry Investment System; and |
| 24 | (f) | orders that within thirty (30) days after being served with a copy of the Final Judgment, Community Bank of Santa Maria, J.P. Morgan Chase Bank, and Mechanics Bank (the "Banks") shall transfer the entire balance of the accounts that were frozen pursuant to an Order of this Court to the Commission. |

3. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that she shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that she shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant agrees that she shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts, or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts, or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of

any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt

for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.\

///

///

///

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/30/2024

JULIE ANNE DARRAH

On _____, 202_, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

See attached  B.L.
Notary Public
Commission expires:

Approved as to form:

_____

Bruce Lewitas
Lewitas Hyman
161 N. Clark St., Suite 1600
Chicago, IL 60601
(312) 291-4604

Attorney for Defendant

Case No.: 2:23-CV-08843-DSF-AGR

## Acknowledgement

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Santa Barbara

On **10 Oct. 2024** before me, **Bertha M. Lebel, Notary Public** (here insert name and title of the officer)

personally appeared **Julie Anne Darrah**

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature **Bertha M. Lebel**
Bertha M. Lebel, Notary PublicSeal)
My commission expires: 25 May 2026

BERTHA M. LEBEL
Notary Public - California
Santa Barbara County
Commission # 2402393
My Comm. Expires May 25, 2026

(Notary Seal)

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On December 6, 2024, I caused to be served the document entitled **CONSENT OF DEFENDANT JULIE ANNE DARRAH** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 6, 2024          /s/ Daniel S. Lim
                                Daniel S. Lim

1

*SEC v. Julie Anne Darrah, et al*
United States District Court—Central District of California
Case No. 2:23-cv-08843-DSF-AGR

**SERVICE LIST**

Bruce M. Lewitas, Esq. **(by CM/ECF)**
Lewitas Hyman, PC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
Email: blewitas@securitieslaw.com
*Attorney for Defendant Julie Anne Darrah*

Edward M. Robinson, Esq. **(by CM/ECF)**
Law Office of Edward M. Robinson
21515 Hawthorne Boulevard, Suite 730
Torrance, CA 90503
Email: eroblaw@gmail.com
*Attorney for Defendant Julie Anne Darrah*

Vivid Financial Management, Inc. **(by U.S. mail)**
c/o Timothy R. Miller, Registered Agent
256 Stagecoach Road
Arroyo Grande, CA 93455

Andrew M. Purdy, Esq. **(by CM/ECF)**
Brown, Neri, Smith & Khan, LLP
650 Town Center Drive, Suite 520
Costa Mesa, CA 92626
Email: andrew@bnsklaw.com
*Attorney for Relief Defendant PC&J Joint Ventures, LLC*

Jeremy W. Faith, Esq. **(by CM/ECF)**
Meghann Triplett, Esq. **(by CM/ECF)**
MARGULIES FAITH LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Email: jeremy@marguliesfaithlaw.com
Email: meghann@marguliesfaithlaw.com
*Attorneys for Bankruptcy Trustee of Relief Defendant PC&J Joint Ventures, LLC*