**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JULIE ANNE DARRAH and VIVID FINANCIAL MANAGEMENT, INC.,<br><br>Defendants. | Case No. 2:23-cv-08843-DSF-AGR<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT VIVID FINANCIAL MANAGEMENT, INC.** |

The Securities and Exchange Commission having filed a Complaint and Motion for Entry of Default Judgment against Defendant Vivid Financial Management, Inc. ("Defendant"); and the Court having considered the Complaint, Motion, supporting Memorandum of Points and Authorities, supporting declarations and exhibits, and other evidence and arguments presented to the Court:

## I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

1  (F) the misappropriation of investor funds or investment proceeds.

2  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
3  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
4  binds the following who receive actual notice of this Final Judgment by personal
5  service or otherwise: (a) Defendant's officers, agents, servants, employees, and
6  attorneys; and (b) other persons in active concert or participation with Defendant or
7  with anyone described in (a).

## III.

9  IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Defendant is
10 permanently restrained and enjoined from violating, while acting as an investment
11 adviser, Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the
12 "Advisers Act") [15 U.S.C. § 80b-6(1) and (2)] by using the mails or any means or
13 instrumentality of interstate commerce, directly or indirectly:

14   (a)   to employ any device, scheme, or artifice to defraud any client or
15         prospective client; or
16   (b)   to engage in any transaction, practice, or course of business which
17         operates as a fraud or deceit upon any client or prospective client

18 by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any
19 client or prospective client, or (ii) disseminating false or misleading documents,
20 materials, or information or making, either orally or in writing, any false or
21 misleading statement in any communication with any client or prospective client,
22 about:

23   (A) any investment strategy or investment in securities,
24   (B) the prospects for success of any product or company,
25   (C) the use of client funds,
26   (D) compensation to any person,
27   (E) Defendant's qualifications to advise clients; or
28   (F) the misappropriation of client funds or investment proceeds.

3

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 promulgated thereunder [17 C.F.R. § 275.206(4)-7], by providing investment advice without adopting and implementing written policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules that the Commission has adopted under the Advisers Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by making any untrue statement of a material fact in any registration application or report filed with the Commission under Section 203 or 204 of the Advisers Act [15 U.S.C. §§ 80b-3 or 80b-4], or willfully omitting to state in any such application or report any material fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, while acting as an investment adviser, Advisers Act Section 206(4) [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2] promulgated thereunder, by using any means or instrumentality of interstate commerce, directly or indirectly, to engage in acts, practices, or courses of business which are fraudulent, deceptive, or manipulative by having custody of client funds or securities without:

(a) having a reasonable basis, after due inquiry, for believing that the qualified custodian sends account statements at least quarterly to the clients; and

(b) ensuring that client funds and securities are verified by actual examinations each year by an independent public accountant at a time chosen by the accountant without prior notice or announcement to the adviser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable with co-Defendant Julie Anne Darrah for

disgorgement of $2,005,330, representing net profits gained as a result of the conduct alleged in the Complaint, as well as $311,511.66 in prejudgment interest. In addition, Defendant is liable for a civil penalty in the amount of $2,005,330 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). Defendant shall satisfy this obligation by paying the total amount for which it is liable to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Vivid Financial Management, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

6

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a

private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____, 2025

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE